Perrie M. Weiner, State Bar No. 134146
perrie.weiner@bakermckenzie.com
Benjamin W. Turner, State Bar No. 256092
ben.turner@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, California 90067
Telephone: 310.201.4728
Facsimile: 310.201.4721

Stacey H. Wang, State Bar No. 245195
stacey.wang@hklaw.com
Kathryn J. Richards, State Bar No. 346956
kathryn.richards@hklaw.com
**HOLLAND & KNIGHT LLP**
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: 213.896.2480
Facsimile: 213.896.2450

Attorneys for Defendant
BROOGE ENERGY LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BROOGE ENERGY LIMITED F/K/A BROOGE HOLDINGS LIMITED F/K/A TWELVE SEAS INVESTMENT COMPANY, NICOLAAS L. PAARDENKOOPER, SALEH YAMMOUT, SYED MASOOD ALI, LINA SAHEB, DIMITRI ELKIN, NEIL RICHARDSON, STEPHEN N. CANNON, PAUL DITCHBURN, ERNST & YOUNG, and PRICEWATERHOUSECOOPERS LIMITED PARTNERSHIP, DUBAI BRANCH, <br><br> Defendants. | **Case No. 2:24-cv-00959-AH-DFM** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT BROOGE ENERGY LIMITED TO MODIFY BRIEFING AND HEARING SCHEDULE ON BROOGE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING SERVICE ON REMAINING DEFENDANTS** <br><br> Date: March 26, 2025 <br> Time: 1:30 p.m. <br> Ctrm: 7D, 7th Floor <br> Judge: Hon. Anne Hwang <br><br> First Street Courthouse <br> 350 W. 1st Street <br> Los Angeles, California 90012 |

Case No. 2:24-cv-00959-AH-DFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................... 1

BACKGROUND ........................................................................................................ 3

ARGUMENT .............................................................................................................. 6

    I.     Legal Standard ......................................................................................... 6

    II.    The Court Should Modify The Briefing And Hearing Schedule On The Motions To Dismiss To Ensure All Defendants Are Served Before Proceeding With Dispositive Motion Practice ........................................ 6

    III.   In The Alternative, The Court Should Stay This Case Pending Service Of The Remaining Defendants ................................................................. 8

CONCLUSION......................................................................................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abdulrazeq v. Embassy Rep. of Libya*,
  2019 WL 13218647 (E.D. Cal. Oct. 24, 2019) ...................................................... 9

*Adetoro v. King Abdullah Acad.*,
  2019 WL 3457989 (D.D.C. July 30, 2019) ........................................................... 9

*Aldapa v. Fowler Packing Co.*,
  2016 WL 6124216 (E.D. Cal. Oct. 20, 2016) ....................................................... 8

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*,
  2022 WL 1663560 (S.D.N.Y. May 25, 2022) ....................................................... 7

*In re Am. Funds Secs. Litig.*,
  493 F. Supp. 2d 1103 (C.D. Cal. 2007) ............................................................... 7

*Anvil Trust, et al. v. Ernst & Young, et al.*,
  Case No. 1:24-cv-09731-PKC ................................................................... *passim*

*Avila v. Willits Env't Remediation Tr.*,
  633 F.3d 828 (9th Cir. 2011) ............................................................................... 6

*Benfica-Futbol SAD v. Doe 1*,
  2018 WL 4043182 (C.D. Cal. Aug. 21, 2018) ..................................................... 9

*Caliber Holdings LLC v. Zurich Am. Ins. Co.*,
  2023 WL 2558422 (C.D. Cal. Jan. 11, 2023) ...................................................... 8

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
  2015 WL 1006582 (N.D. Cal. Mar. 6, 2015) ..................................................... 11

*Clarke v. Organon USA Inc.*,
  2013 WL 3475948 (N.D. Cal. July 10, 2013) .................................................... 10

*Gustavson v. Mars, Inc.*,
  2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ................................................... 11

*Jones v. Bristol-Myers Squibb Co.*,
  2013 WL 3388659 (N.D. Cal. July 8, 2013) ...................................................... 10

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................... 2

*Lewis v. Cont'l Bank Corp.*,
   494 U.S. 472 (1990) ................................................................................. 12

*Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*,
   2009 WL 1010842 (N.D. Cal. Apr. 14, 2009) ......................................... 10

*MFS Secs. Corp. v. NYSE, Inc.*,
   277 F.3d 613 (2d Cir. 2002) .................................................................... 12

*N.C. v. Rice*,
   404 U.S. 244 (1971) ................................................................................. 12

*Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*,
   2005 WL 1459555 (N.D. Cal. June 21, 2005) ........................................... 6

*Pro Stage Gear, LLC v. Donner Tech. Co., Ltd.*,
   2018 WL 11224333 (E.D. Tenn. July 2, 2018) ........................................ 11

*In re Refco Inc.*,
   2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006) ............................................. 7

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) .......................................................... 6

*Santa Clara Valley Water Dist. v. CH2M Hill, Inc.*,
   2020 WL 4252677 (N.D. Cal. July 24, 2020) .......................................... 11

*Sedona Corp. v. Ladenburg Thalmann*,
   2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) ............................................ 7

*SG Cowen Secs. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   189 F.3d 909 (9th Cir. 1999) ................................................................... 10

*Tovar v. Hosp. Housekeeping Sys., Inc.*,
   2009 WL 10672526 (C.D. Cal. Nov. 2, 2009) ........................................... 8

*In re Toyota Motor Corp.*,
   785 F. Supp. 2d 883 (C.D. Cal. 2011) ..................................................... 10

*Wang v. Lightspeed Env't, Inc.*,
   2014 WL 29120 (E.D. Mich. Jan. 3, 2014) ............................................... 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

**Statutes / Other Authorities**

15 U.S.C. § 78u–4(b)(3)(B) ...................................................................................... 7

1934 Securities Act Chapter 2B ............................................................................... 8

Civil Local Rule 7-9 ........................................................................................... 2, 13

Civil Local Rule 7-10 ......................................................................................... 2, 13

Exchange Act § 10(b) .............................................................................................. 5

Exchange Act § 20(a) .............................................................................................. 4

Fed. R. Civ. P. 10b-5 ............................................................................................... 5

Fed. R. Civ. P. 12(b) ........................................................................................*passim*

Fed. R. Civ. P. 16 .................................................................................................... 6

Fed. R. Civ. P. 16(b)(4) ........................................................................................... 6

PSLRA .......................................................................................................... 1, 2, 7, 8

Case No. 2:24-cv-00959-AH-DFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

Defendant Brooge Energy Limited ("Brooge" or the "Company") respectfully submits this memorandum of points and authorities in support of its motion to modify the briefing and hearing schedule on Brooge's concurrently filed motion to dismiss to account for numerous unserved Defendants or, in the alternative, to stay this action, until all Defendants are served. Brooge requested that Plaintiff Bluefin Capital Management, LLC ("Plaintiff" or "Bluefin"), agree to a modification of the briefing schedule until service was completed but Plaintiff declined, necessitating this motion.

## INTRODUCTION

A year after this action was commenced, Plaintiff has still only served two of eleven Defendants. As a result, Plaintiff cannot presently prosecute two of its three causes of action, as these are only brought against the unserved Defendants, which include two major accounting firms. One of those firms is also a defendant, and two individual Defendants are also plaintiffs, in a separate action currently pending in the Southern District of New York, captioned *Anvil Trust, et al. v. Ernst & Young, et al.*, Case No. 1:24-cv-09731-PKC, arising out of the same alleged revenue recognition transactions at issue here. *See* Declaration of Benjamin W. Turner ("Turner Decl.") Ex. J.

Proceeding on the current schedule would undermine judicial economy, unnecessarily consume party resources and result in duplicative, overlapping Rule 12(b) motion practice. It would also unduly complicate case management with fact and expert discovery progressing as to just two of the eleven Defendants, and the pleadings remaining in flux as to the remaining nine. If any of the remaining Defendants thereafter were properly served and filed their own motions to dismiss, the PSLRA would ***automatically*** require that all discovery be stayed again, with the case inefficiently proceeding in fits and starts, as the Court resolves different motions to dismiss brought by different Defendants on different briefing schedules. Allowing Plaintiff to bring in new Defendants on a piecemeal basis would thus result in a far

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

longer overall case timeline than simply extending the briefing and hearing dates for Rule 12(b) motion practice until all Defendants are served.

In the event the Court is inclined to modify the briefing and hearing schedule, Brooge respectfully requests that the briefing and hearing schedule be modified as follows:

(1) A single hearing on all motions to dismiss, for all served Defendants, be set for sixty (60) days after the date on which Bluefin has completed service; or, if Bluefin has not served any further Defendants by **August 1, 2025**, Brooge's motion be reset for hearing for **August 27, 2025 at 1:30 p.m**.

(2) All further briefing deadlines on the motion(s) to dismiss shall be based on the new hearing date pursuant to Local Rules 7-9 and 7-10. Thus, if Bluefin does not complete service by August 1, 2025 and Brooge's Motion to Dismiss remains on calendar for August 27, 2025, the opposition shall be due on August 6, 2025, and the reply shall be due on August 13, 2025.

In the alternative, the Court should stay this action pursuant to its broad discretionary powers pending Plaintiff's service of all Defendants. Plaintiff cannot demonstrate any undue prejudice from a stay because the length of the stay is entirely dependent on when Plaintiff decides to effect service on the remaining nine Defendants. Nor can Plaintiff demonstrate any undue hardship. Besides this case having been pending for a year, two of the unserved Defendants are represented by counsel and prosecuting claims as plaintiffs in the *Anvil Trust* action against another unserved Defendant in this case, Ernst & Young, for which a summons has been issued. Thus, any purported prejudice would be self-inflicted. A court-imposed stay is also warranted because the alternative would be a PSLRA automatic stay taking effect each time *any* newly served Defendant files a motion to dismiss. By contrast, a *Landis* stay resulting in a single cohesive briefing schedule for all Defendants would

Case No. 2:24-cv-00959-AH-DFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

provide a far shorter overall case timeline and would ultimately result in a more efficient and streamlined litigation process.

As such, any possible prejudice to Plaintiff is greatly outweighed by countervailing factors. These include, among many others, the massive inefficiencies, extended case timelines, serial rounds of motions to dismiss and unworkable case schedule that are certain to follow should the case proceed with the vast majority of Defendants remaining unserved. Brooge may also suffer prejudice absent a stay if it were unable to conduct robust first-party discovery of the accounting firm Defendants.

Finally, as explained in greater detail in Brooge's concurrently filed motion to dismiss, Plaintiff and the entire class – to the extent they suffered any compensable injury – stand to be fully reimbursed under a $5.2 million Fair Fund established by the SEC, the distribution plan for which was approved just a few days ago. In light of the clear and imminent possibility that this case will be moot, it would be wasteful to require the parties to engage in burdensome motion practice.

## BACKGROUND

This action was commenced more than a year ago on February 5, 2024, when Eric White filed the original complaint. ECF 1. Mr. White's original complaint named nine defendants: (1) Brooge; (2) Nicolas L. Paardenkooper; (3) Saleh Yammout; (4) Syed Masood Ali; (5) Burgese Viraf Parekh; (6) Lina Saheb; (7) Dimitri Elkin; (8) Neil Richardson and (9) Stephen N. Cannon.

On April 5, 2024, David Crawford, Bluefin and their respective counsel filed motions for appointment as lead plaintiff and approval of counsel of choice. ECF 13, 17. On July 16, 2024, the Court granted Bluefin's motion and appointed it as Lead Plaintiff. ECF 32. On or about August 4, 2024, Bluefin served Mr. Elkin with the summons and complaint via substituted service. ECF 34. On or about August 1, 2024, Bluefin served Brooge with the summons and complaint. ECF 42 at 2. On September

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

10, 2024, this Court granted a stipulation between Bluefin, Brooge and Mr. Elkin, pursuant to which Bluefin would file an amended complaint by December 6, 2024, and Brooge and Mr. Elkin would respond to that pleading by February 6, 2024. ECF 44. Bluefin filed the First Amended Complaint ("FAC") on December 6, adding three additional defendants – Paul Ditchburn, Ernst & Young and PricewaterhouseCoopers Limited Partnership, Dubai Branch ("PwC"), and removed Mr. Parekh, bringing the total number of Defendants to eleven. ECF 46. However, Plaintiff did not serve – and still has not served to this day – any other Defendants in this action besides Brooge and Mr. Elkin.

According to the FAC, Paardenkooper, Saheb, Yammout, Masood Ali and Ditchburn were all officers and/or directors of Brooge. Paardenkooper was Brooge's CEO (FAC ¶ 17); Saheb was Brooge's former Chief Strategy Officer (*id.* ¶ 18); Yammout served as Brooge's CFO and is currently a member of Brooge's Board (*id.* ¶ 19); Masood Ali was also Brooge's CFO (*id.* ¶ 20); and Ditchburn was also Brooge's CFO and interim CEO. *Id.* ¶¶ 17-21. Plaintiff's scienter allegations rely on these Defendants' alleged scienter. *Id.* ¶¶ 131-51, 153. Plaintiff brings its second cause of action for violation of section 20(a) of the Exchange Act specifically against these Individual Defendants. *Id.* ¶¶ 232-38.

Elkin, Richardson and Cannon were a part of Twelve Seas, the SPAC which merged with Brooge. Richardson was its Chairman and Cannon was its CFO and former President. *Id.* ¶¶ 26-27. Richardson and Cannon are also plaintiffs in the *Anvil Trust* action, pending in the Southern District of New York, against affiliates of one of the unserved auditor Defendants in this case. *See* Case No. 1:24-cv-09731-PKC (S.D.N.Y.), ECF 1, Turner Decl. Ex. J. The FAC alleges that Twelve Seas had an obligation to find a target company for acquisition, settled on Brooge and was incentivized to cover up Brooge's alleged financial issues to consummate the merger. *Id.* ¶ 45. Plaintiff brings additional scienter allegations against these Twelve Seas

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

executives (*id.* ¶¶ 133-39), and its second cause of action is alleged against them as well (*id.* ¶¶ 232-38).

The two accounting firms added by Plaintiff in the FAC – Ernst & Young and PwC – could also be critical to Plaintiff's case. The FAC alleges that these entities violated auditing standards when auditing Brooge, and provided "clean" audit opinions that allowed Brooge and the Individual Defendants to engage in the alleged revenue recognition transactions. *Id.* ¶ 157. Plaintiff brings its third cause of action for violation of Section 10(b) of the Exchange Act and Rule 10b-5 against the auditors. *Id.* ¶¶ 239-47. The plaintiffs in the *Anvil Trust* action also allege numerous allegations against Ernst & Young in Bahrain and the United Arab Emirates for its alleged role in the same purported revenue recognition transactions at issue in this case. *See* Case 1:24-cv-09731-PKC, ECF 1, Turner Decl. Ex. J. Summons have been issued for two Ernst & Young entities in *Anvil Trust*. *See* Case 1:24-cv-09731-PKC, ECF 10-11.

On January 28, 2025, the SEC issued an order approving a Plan of Distribution with respect to a $5.2 million Fair Fund, which the SEC established from penalties irrevocably paid by the Company and two of its former executives (collectively, "Respondents") based on the same alleged conduct at issue in this action. Turner Decl. Ex. G. Pursuant to the Plan of Distribution, the $5.2 million is available to investors who purchased Brooge stock between December 20, 2019, and December 21, 2023, inclusive, "and suffered net trading losses due to the [alleged] misconduct" of the Respondents. *Id.* at 2. This is almost a complete overlap with the proposed class period of "all persons and entities other than Defendants that purchased or otherwise acquired Brooge common stock between November 25, 2019, and December 27, 2023, inclusive." FAC ¶ 1.

On two separate Zoom conferences, on January 7 and January 26, 2025, Brooge's litigation counsel asked Bluefin's counsel whether Plaintiff would consider

agreeing to a new briefing schedule until all Defendants were served. Plaintiff twice declined. Turner Decl. ¶¶ 11-12.

## ARGUMENT

### I.      Legal Standard

The Court has "wide discretion to enlarge [] time limits" and set hearing dates on motions. *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *3 (N.D. Cal. June 21, 2005). This discretion extends to "control[ling] the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000)). Under Federal Rule of Civil Procedure 16(b)(4), a court's previous scheduling order may be modified "for good cause and with the judge's consent."

The Court also has "the inherent power to stay its proceedings." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); additional citation omitted).

### II.     The Court Should Modify The Briefing And Hearing Schedule On The Motions To Dismiss To Ensure All Defendants Are Served Before Proceeding With Dispositive Motion Practice

Although the parties previously stipulated to a February 6 deadline for motions to dismiss, that stipulation was entered without resolving a fundamental problem that has not been rectified. Nine of the eleven Defendants in this action – including two accounting firms whose alleged conduct, testimony and documents could be central to the resolution of this case – have yet to be served. This presents at least two significant, practical problems warranting modification of the Rule 12(b) briefing and hearing schedule.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

First, proceeding with motions to dismiss only by Brooge and Mr. Elkin would trigger inefficient, staggered briefing schedules that would needlessly complicate the litigation and consume substantial party and judicial resources. Rule 12(b) motion practice could extend for months – if not more than a year – depending on when Plaintiff completes piecemeal service of the remaining nine Defendants. Each newly served Defendant will surely file its own motion to dismiss, subject to a separate briefing schedule. By contrast, a coordinated briefing schedule for all Defendants will allow this Court to consider, in a single, orderly process, all of the common issues and overlapping legal questions in full context and with the greatest efficiency and judicial economy. Such coordination will enable the parties to litigate (and this Court to rule on) those issues once, rather than proceeding in disconnected fashion with the attendant inefficiencies.

Second, the PSLRA's automatic discovery stay makes coordinated motion practical especially critical for case management purposes. The PSLRA provides that "***all*** discovery . . . shall be stayed during the pendency of ***any*** motion to dismiss" in a private securities litigation action. 15 U.S.C. § 78u–4(b)(3)(B) (emphasis added). By using the word "shall," Congress intended the stay to be mandatory and self-executing; it does not require a motion by a defendant to trigger or enforce the stay. *See In re Am. Funds Secs. Litig.*, 493 F. Supp. 2d 1103, 1104–05 (C.D. Cal. 2007) (recognizing that the PSLRA stay arises automatically, without need for a judicial order). This mandatory, automatic stay "applies to successive motions to dismiss [and] as to all defendants, even [where] motions to dismiss [are] filed by only some of the defendants." *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) (collecting cases); *see also Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *1 (S.D.N.Y. May 25, 2022) ("Such categorical language does not leave room for the argument that discovery may proceed where some, but not all defendants have moved to dismiss."); *Wang v. Lightspeed Env't,*

*Inc.*, 2014 WL 29120, at \*10 n.2 (E.D. Mich. Jan. 3, 2014) ("[T]he automatic stay has been held to apply to both initial and successive motions to dismiss."); *In re Refco Inc.*, 2006 WL 2337212, at \*4 (S.D.N.Y. Aug. 8, 2006) (holding that "the weight of authority" rejects the argument that discovery may proceed against some defendants while the PSLRA is in place for others); *CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d 1260, 1263 (N.D. Okla. 2001) ("As long as any defendant has filed a motion to dismiss claims arising under Chapter 2B of the 1934 Securities Act, the PSLRA stays 'all discovery,' even discovery against answering, non-moving defendants.").

### III. In The Alternative, The Court Should Stay This Case Pending Service Of The Remaining Defendants

"[I]n determining whether to stay a proceeding, the court considers: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Caliber Holdings LLC v. Zurich Am. Ins. Co.*, 2023 WL 2558422, at \*3 (C.D. Cal. Jan. 11, 2023) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Each of these factors counsels in favor of a stay.

First, Plaintiff will not suffer any undue prejudice if the Court grants a stay until all Defendants are served. The length of the stay would be entirely dependent on Plaintiff's diligence in effecting service on the other Defendants. As noted above, two of those unserved Defendants are currently plaintiffs prosecuting the *Anvil Trust* action against another unserved Defendant. Further, Plaintiff seeks only monetary damages (FAC ¶ 75) and "a delay in recovering potential monetary damages is not sufficient harm to warrant [denial of] a stay." *Tovar v. Hosp. Housekeeping Sys., Inc.*, 2009 WL 10672526, at \*4 (C.D. Cal. Nov. 2, 2009) (citing *CMAX, Inc.*, 300 F.2d at 268–69); *cf. Aldapa v. Fowler Packing Co.*, 2016 WL 6124216, at \*1 (E.D. Cal. Oct.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

20, 2016) (citation omitted) ("staying a suit seeking injunctive relief against ongoing or future harm causes a more significant hardship against a plaintiff resisting a stay than a suit for damages").

The Court can also set a reasonable limit on a stay coextensive with a reasonable deadline to effect service. Even for foreign defendants, "'the amount of time allowed for foreign service is not unlimited,'" and "[i]f necessary, the court may set 'a reasonable time limit for service in a foreign country to properly manage a civil case.'" *Sport Lisboa e Benfica-Futbol SAD v. Doe 1*, 2018 WL 4043182, at *4 (C.D. Cal. Aug. 21, 2018) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005); *Baja Devs. LLC v. TSD Loreto Partners*, 2009 WL 2762050, at *1 (D. Ariz. Aug. 28, 2009)). Plaintiff suffers no prejudice where – should it continue to neglect to serve parties it sued – the Court has the authority to dismiss those parties. *See, e.g.*, *Abdulrazeq v. Embassy Rep. of Libya*, 2019 WL 13218647, at *1 (E.D. Cal. Oct. 24, 2019) (dismissing action where plaintiff failed to demonstrate that he attempted service on foreign defendant, nor did he show cause as to why the action should not be dismissed for failure to timely effect service of process, since "the court may set a reasonable time limit for service in a foreign country to properly manage a civil case"); *Adetoro v. King Abdullah Acad.*, 2019 WL 3457989, at *3 (D.D.C. July 30, 2019) (dismissal for lack of service is appropriate where plaintiff does not seek to serve the foreign party or identify a reasonable prospect that service could not be obtained).

The FAC alleges numerous, interlocking allegations against the Individual Defendants and auditors, and brings two of its three causes of action against them. Absent a stay, this case would proceed in parallel against Brooge and Mr. Elkin while the pleadings remain in flux as to the unserved Defendants. And, if the case is not dismissed under Rule 12(b) or on a motion for judgment on the pleadings, the parties would conduct fact and expert discovery regarding alleged acts without any

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

participation from the parties accused of those acts. Case management, pretrial preparations and even trial itself could prove unmanageable. The risk of conflicting rulings with respect to the unserved Defendants and the same parties in *Anvil Trust* would also loom large. *See, e.g.*, *Clarke v. Organon USA Inc.*, 2013 WL 3475948, at *1 (N.D. Cal. July 10, 2013) ("A stay will therefore avoid duplicative litigation and prevent inconsistent rulings on common questions that the [other] court is likely to address."); *Jones v. Bristol-Myers Squibb Co.*, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (citation omitted) ("A stay is appropriate when it would avoid the needless duplication of work and the possibility of inconsistent rulings.").

In contrast to the absence of any real prejudice to Plaintiff, Brooge will suffer undue prejudice absent a stay.[1] Even if Brooge were to answer the FAC, the pleadings would remain flux due to the unserved Defendants. If discovery proceeds as to Brooge, Plaintiff could then serve one of the Individual Defendants or auditors and attempt to use discovery obtained by Brooge to amend the FAC to bolster claims against the remaining Defendants or fundamentally alter the theories of liability at issue. This would in effect be an end run around the PSLRA's discovery stay because allowing discovery "so that [a plaintiff] might uncover facts sufficient to satisfy the [PSLRA's] pleading requirements" is "not a permissible reason for lifting the discovery stay under the Act. . . ." *SG Cowen Secs. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 912–13 (9th Cir. 1999).

Document and deposition discovery from certain unserved Defendants could prove critical to this case. "If an entity's presence is critical to the disposition of important issues in the case, and/or its evidence will either support the complaint or

---

[1] Given that no hardship or inequity will be suffered by Plaintiff, Brooge's burden to establish that it will suffer prejudice is "lessened." *Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, 2009 WL 1010842, at *4 (N.D. Cal. Apr. 14, 2009) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)) ("Only when there is a fair possibility that the stay will work damage to someone else, must the party seeking the stay make out a clear case of hardship or inequity.").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

bolster the defense, it is a necessary party." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 904 (C.D. Cal. 2011) (citing *Freeman v. NW. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985)). In evaluating whether a party is necessary, "courts 'look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action.'" *Santa Clara Valley Water Dist. v. CH2M Hill, Inc.*, 2020 WL 4252677, at *3 (N.D. Cal. July 24, 2020) (citing *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002)). Should the current situation continue, the unserved Defendants will never be subject to the more extensive obligations of first-party discovery, and if Plaintiff does not do the work of bringing them into the case now, it may also be practically impossible to conduct any discovery of them, even on a third-party basis.

Finally, in evaluating whether to issue a stay, "considerations of judicial economy are highly relevant." *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (citation omitted) (finding judicial economy weighed in favor of stay); *Pro Stage Gear, LLC v. Donner Tech. Co., Ltd.*, 2018 WL 11224333, at *4 (E.D. Tenn. July 2, 2018) (additional factor weighing in favor of a stay was to allow plaintiff more time to perfect service on unserved Chinese defendants, since this would "help to protect against piecemeal discovery among the parties throughout this litigation as these defendants enter this lawsuit" and to "effectively keep all of the parties, including those which are not currently present in this lawsuit, on equal footing").

Moreover, "the early stage of this litigation weighs in favor of a stay." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 2015 WL 1006582, at *2 (N.D. Cal. Mar. 6, 2015). "[V]ery little substantive work has been done in this case, and there are no immediately pressing deadlines or trial dates." *Id.* "[C]onsidering the substantial amount of work that lies ahead of both parties," the case is clearly "still in the early stages, and thus this factor 'strongly favors' granting a stay." *Id.* (quoting

11                                              Case No. 2:24-cv-00959-AH-DFM

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, 2014 WL 2738501, at *3 (N.D. Cal. June 11, 2014)).

A stay would also serve judicial economy by allowing the standing and mootness issues discussed in Brooge's Motion to Dismiss to be definitively resolved. *See* Mot. to Dismiss at 8-12. Plaintiff must establish that it satisfies the requirements of Article III and that this case is not moot due to the Fair Fund, which will compensate any allegedly harmed investors. The SEC approved the Plan for Distribution just a few days ago,[2] and a brief stay would ensure "mooted litigation is not pressed forward, and unnecessary judicial pronouncements .. obtained." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990); *see also N.C. v. Rice*, 404 U.S. 244, 246 (1971) ("the question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction"); *MFS Secs. Corp. v. NYSE, Inc.*, 277 F.3d 613, 621 & n.7 (2d Cir. 2002) (staying proceedings under primary jurisdiction doctrine pending SEC review where SEC action had potential to moot antitrust claim).

## **CONCLUSION**

Brooge respectfully requests that the Court modify the briefing and hearing schedule for Rule 12(b) motion practice such that no Rule 12(b) motion shall be heard and decided until all Defendants are served. In the event the Court is inclined to modify the briefing and hearing schedule, Brooge respectfully requests that the briefing and hearing schedule be modified as follows:

(1) A single hearing on all motions to dismiss, for all served Defendants, be set for sixty (60) days after the date on which Bluefin has completed service; or, if Bluefin has not served any further Defendants by **August 1, 2025**, set for hearing for **August 27, 2025 at 1:30 p.m**.

---

[2] *See* https://www.sec.gov/files/litigation/admin/2025/34-102298.pdf. (dated Jan. 28, 2025); Turner Decl. Ex. G.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO MODIFY MOTION AND HEARING SCHEDULE OR STAY

(2) All further briefing deadlines on the motion(s) to dismiss shall be based on the new hearing date pursuant to Local Rules 7-9 and 7-10. Thus, if Bluefin does not complete service by August 1, 2025 and Brooge's Motion to Dismiss remains on calendar for August 27, 2025, the opposition shall be due on August 6, 2025, and the reply shall be due on August 13, 2025.

In the alternative, Brooge requests that the Court stay the action until Plaintiff has served all Defendants.

Dated: February 6, 2025

Respectfully submitted,

By: /s/ Perrie M. Weiner
Perrie M. Weiner
**BAKER & MCKENZIE LLP**

Stacey H. Wang
**HOLLAND AND KNIGHT LLP**

Attorneys for Defendant
BROOGE ENERGY LIMITED

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Brooge Energy Limited, certifies that this Memorandum of Points and Authorities is thirteen pages in length and complies with the 25-page limit of this Court's Standing Order, ¶ F(3), dated December 17, 2024, docketed in this action as ECF 48 at 8.

Dated: February 6, 2025                    _____
                                                   Benjamin W. Turner

14                                    Case No. 2:24-cv-00959-AH-DFM