Perrie M. Weiner, State Bar No. 134146
perrie.weiner@bakermckenzie.com
Benjamin W. Turner, State Bar No. 256092
ben.turner@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, California  90067
Telephone:  310.201.4728
Facsimile:   310.201.4721

Stacey H. Wang, State Bar No. 245195
stacey.wang@hklaw.com
Kathryn J. Richards, State Bar No. 346956
kathryn.richards@hklaw.com
**HOLLAND AND KNIGHT LLP**
400 South Hope Street 8th Floor
Los Angeles, California  90071
Telephone:   213.896.2480
Facsimile:   213.896.2450

Attorneys for Defendant
BROOGE ENERGY LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BROOGE ENERGY LIMITED F/K/A BROOGE HOLDINGS LIMITED F/K/A TWELVE SEAS INVESTMENT COMPANY, NICOLAAS L. PAARDENKOOPER, SALEH YAMMOUT, SYED MASOOD ALI, LINA SAHEB, DIMITRI ELKIN, NEIL RICHARDSON, STEPHEN N. CANNON, PAUL DITCHBURN, ERNST & YOUNG, and PRICEWATERHOUSECOOPERS LIMITED PARTNERSHIP, DUBAI BRANCH,<br><br>Defendants. | Case No. 2:24-cv-00959-AH-DFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS BY DEFENDANT BROOGE ENERGY LIMITED TO DISMISS THE FIRST AMENDED COMPLAINT AND MODIFY BRIEFING AND HEARING SCHEDULE**<br><br>Date:      March 26, 2025<br>Time:      1:30 p.m.<br>Ctrm:      7D, 7th Floor<br>Judge:     Hon. Anne Hwang<br><br>First Street Courthouse<br>350 W. 1st Street<br>Los Angeles, California 90012 |

Case No. 2:24-cv-00959-AH-DFM

DEFENDANT BROOGE ENERGY LIMITED'S REQUEST FOR JUDICIAL NOTICE

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant Brooge Energy Limited ("Brooge") respectfully requests that the Court take judicial notice of the nine documents identified below in support of Brooge's Motion to Dismiss the First Amended Complaint ("FAC"). The documents, attached to the supporting Declaration of Benjamin W. Turner filed concurrently herewith, are:

1. A December 8, 2022 Form 6-K filed by Brooge disclosing the resignation of Nicolaas L. Paardenkooper (Turner Decl., Ex. A);

2. A January 20, 2023 letter from PricewaterhouseCoopers Limited Partnership, Dubai Branch ("PwC"), included as an exhibit in a Form 6-K filed by Brooge (Turner Decl., Ex. B);

3. A December 22, 2023 Form 6-K filed by Brooge announcing a settlement with the SEC (Turner Decl., Ex. C);

4. A December 22, 2023 Administrative Order issued by the SEC (Turner Decl., Ex. D);

5. A February 5, 2025 Press Release issued by the SEC (Turner Decl., Ex. E);

6. A November 26, 2024 Notice of Proposed Plan of Distribution and Opportunity for Comment published by the SEC (Turner Decl., Ex. F);

7. A January 28, 2025 SEC Order approving the Plan of Distribution (Turner Decl., Ex. G);

8. A December 22, 2023 Press Release issued by the SEC (Turner Decl., Ex. H);

9. A compilation of historical stock prices and daily trading volume of Brooge's common stock obtained from NASDAQ.com (Turner Decl., Ex. I); and

10. A complaint filed on December 17, 2024 in the United States District Court for the Southern District of New York, captioned *Anvil Trust, et*

1           Case No. 2:24-cv-00959-AH-DFM

DEFENDANT BROOGE ENERGY LIMITED'S REQUEST FOR JUDICIAL NOTICE

*al. v. Ernst & Young, et al.*, Case No. 1:24-cv-09731 (Turner Decl., Ex. J).

## I.      Legal Standard

Under the Federal Rules of Evidence, the Court may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Such judicial notice may be taken "at any stage of the proceeding." Fed. R. Evid. 201(d).

## II.      Discussion

Brooge requests that the Court take judicial notice of [1] public filings Brooge made with the SEC; [2] SEC Orders and an SEC Notice; [3] an SEC Press Release; [4] a compilation of Brooge's historical stock prices and daily trading volume; and [5] a complaint filed in the United States District Court for the Southern District of New York. The Court may properly take judicial notice of all of these types of documents under Federal Rule of Evidence 201.

<u>First</u>, Brooge's public filings and the SEC Orders are relied upon and incorporated into the FAC by reference. *See* FAC (ECF No. 46) ¶ 73 (citing the Administrative Order), ¶ 123 (referencing the December 8, 2022 Form 6-K), ¶ 124 (referencing the January 20, 2023 letter from PwC), ¶ 127 (referencing the December 22, 2023 Form 6-K). The Court may examine "documents incorporated into the complaint by reference," and thus may consider these documents. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Moreover, "[i]n a securities action, a court may take judicial notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be granted." *In re Calpine Corp. Secs. Litig.*, 288 F. Supp. 2d

DEFENDANT BROOGE ENERGY LIMITED'S REQUEST FOR JUDICIAL NOTICE

1054, 1076 (N.D. Cal. 2003) (citations omitted). The Court may therefore take judicial notice of Exhibits A-C to the Turner Declaration, since these are all public filings made by Brooge.

Second, the Court may take judicial notice of SEC orders and notices since "information on government agency websites and agency filings are matters of public record and not subject to reasonable dispute." *SEC v. Prakash*, 718 F. Supp. 3d 1098, 1105 (N.D. Cal. 2024); *see also ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1232 (C.D. Cal. 2015) (collecting cases that take judicial notice of SEC orders). Exhibit D to the Turner Declaration is a published document available on the SEC's website, https://www.sec.gov/files/litigation/admin/2023/33-11260.pdf. Exhibit G to the Turner Declaration is a published document available on the SEC's website, https://www.sec.gov/files/litigation/admin/2025/34-102298.pdf.

Third, press releases are judicially noticeable to show that a statement was made to the public and/or that the public was made aware of the statement. *See In re Am. Apparel*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) ("the Court may take judicial notice of press releases"); *Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021) (taking judicial notice of press release to identify which statements were available to the market). Exhibit E to the Turner Declaration is a published document available on the SEC's website[1]. Exhibit H to the Turner Declaration is a published document available on the SEC's website.[2] Accordingly, the Court may take judicial notice that the statements in that these statements were made by the SEC, and were made to the public.

---

[1] Available at https://www.sec.gov/enforcement-litigation/distributions-for-harmed-investors/matter-brooge-energy-limited-nicolaas-lammert-paardenkooper-lina-saheb-admin-proc-file-no-3-21816.

[2] https://www.sec.gov/newsroom/press-releases/2023-256

DEFENDANT BROOGE ENERGY LIMITED'S REQUEST FOR JUDICIAL NOTICE

Fourth, courts routinely hold that a public company's published stock price is "not subject to reasonable dispute" and "can be accurately and readily determined" from reliable sources. *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008) (information about the stock price of publicly traded companies is proper subject of judicial notice); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1024 (C.D. Cal. 2008) (taking judicial notice of a LexisNexis report showing a company's daily stock prices as listed on NASDAQ); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of NASDAQ reports of historical daily stock prices). Exhibit I to the Turner Declaration is a compilation of Brooge's historical stock prices and trading volume from NASDAQ.com.  Accordingly, the Court may take judicial notice of the stock prices and trading volume in that compendium.

Fifth, the Court may take judicial of filings in federal courts, including the fact that statements were made in those filings and the parties who filed them. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

## III.    Conclusion

The Court may take notice of information in public filings, SEC Orders and Notices, press releases, historical stock prices and trading volumes of Brooge common stock, and the *Anvil Trust* complaint. Accordingly, Brooge respectfully requests that the Court take judicial notice of Exhibits A - J attached to the concurrently filed Declaration of Benjamin W. Turner.

Dated: February 6, 2025

Respectfully submitted,


By: /s/ Perrie M. Weiner

Perrie M. Weiner
**BAKER & MCKENZIE LLP**

Stacey H. Wang
**HOLLAND AND KNIGHT LLP**

Attorneys for Defendant
BROOGE ENERGY LIMITED

Case No. 2:24-cv-00959-AH-DFM

DEFENDANT BROOGE ENERGY LIMITED'S REQUEST FOR JUDICIAL NOTICE