Colin V. Quinlan (SBN 332225)
Email: colin.quinlan@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**   EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 443-5100
Facsimile:   (213) 443-5101
Attorneys for Defendant Dimitri Elkin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric WHITE, | Case No. 2:24-cv-00959-AH-DFM |
| Plaintiff, | **DEFENDANT DIMITRI ELKIN'S REPLY IN SUPPORT OF DEFENDANT BROOGE ENERGY LIMITED'S MOTION TO MODIFY BRIEFING AND HEARING SCHEDULE ON BROOGE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING SERVICE ON REMAINING DEFENDANTS** |
| vs. | |
| BROOGE ENERGY LIMITED, et al., | |
| Defendants. | |

[Filed contemporaneously with Declaration of Colin V. Quinlan]

Hon. Anne Hwang

Date:       March 26, 2025
Time:       1:30 p.m.
Location:  350 W. 1st Street,
                  Courtroom 7D

1

## REPLY BRIEF IN SUPPORT OF JOINED MOTION

On February 6, 2025, Defendant Brooge Energy Limited ("Brooge") filed a motion seeking judicial intervention in light of Lead Plaintiff Bluefin Capital Management, LLC's failure to serve most of the Defendants named in Lead Plaintiff's Amended Complaint. Dkt. No. 53 ("Motion"). On February 7, 2025, Defendant Dimitri Elkin filed a joinder in Brooge's Motion. Dkt. No. 58. On March 5, 2025, Lead Plaintiff filed its Opposition to Brooge's Motion. Dkt. No. 61; *see also* Dkt. No. 62 (Gordon Declaration in Support of Lead Plaintiff's Opposition).

Mr. Elkin is confident that Brooge can respond to Lead Plaintiff's Opposition in most respects, and so will avoid unnecessarily duplicative briefing. In one respect, however, Mr. Elkin—or rather, Mr. Elkin's counsel—is better positioned to respond to Lead Plaintiff's Opposition. Because Mr. Elkin's counsel took part in the parties' negotiations ahead of the parties' September 2024 joint stipulation, Dkt. No. 43 ("Joint Stipulation for Order Extending Time to File Amended Complaint and Responsive Pleadings"), which the Court granted, Dkt. No. 44, Mr. Elkin can respond to one recurrent argument in Lead Plaintiff's Opposition.

Lead Plaintiff's statements regarding the parties' joint submission progress from overstated rhetoric regarding "buyer's remorse," Dkt. No. 61 at 13 (Opp. at 6[1]), to the following:

> When entering into the Stipulation, Moving Defendants knew that serving Foreign Defendants would be a time-intensive process. Yet, they did not raise this issue with the Court prior to entering into the Stipulation, nor did they negotiate a contingency in the Stipulation requiring that Plaintiff serve the Foreign Defendants in order for the Stipulation to be enforceable.

---

[1] References to page numbers following "Dkt. No. 61" refer to the page number in the ECF banner. Page numbers after "Opp." refer to the page number printed at the bottom of Lead Plaintiff's Opposition.

2

Moving Defendants cannot now be heard to complain about the consequences of their own actions.

Dkt. No. 61 at 18 (Opp. at 13). This argument goes too far; in light of Lead Plaintiff counsel's assurances, representations, and statements to defense counsel during the negotiation of the parties' September 2024 limited joint submission, *see* Declaration of Colin V. Quinlan ("Quinlan Declaration") ¶¶ 2-3 and Exs. 1 & 2, it is Lead Plaintiff who should not be heard to argue that Mr. Elkin or Brooge failed to raise this issue with the Court prior to entering into the parties' stipulation, let alone that Defendants in any way agreed to remain silent if Lead Plaintiff was unable to serve all defendants.

In late August 2024, Lead Plaintiff's counsel initially provided Mr. Elkin's counsel assurances that, if not stated as an express promise or agreement to stipulate to an extension of the deadline to respond to the initial complaint, at least gave rise to an agreement to do so that should have been adhered to in good faith as implied by circumstances. *See* Quinlan Decl. Ex. 1 at 2 (assuring Mr. Elkin's counsel both that Lead Plaintiff's counsel did not expect Mr. Elkin "to respond to the initial complaint," and that they "should be able to get something on file early next week, whether that be a stopgap or a full schedule"). Yet in early September 2024, having failed to stipulate to any extension of this fast-approaching deadline, Lead Plaintiff's counsel attached an extraneous condition to such an extension: that both Mr. Elkin's and Brooge's counsel acquiesce to a joint stipulation regarding deadlines for the amended complaint and response thereto that made no mention of any need for flexibility should Lead Plaintiff fail to carry out its responsibility to serve all defendants named in the as-yet-unfiled amended complaint. *See* Quinlan Decl. Ex. 2 at 5 (Lead Plaintiff's counsel: "If you are unwilling to agree to neutral language in the stipulation, we can't move forward. You're welcome to move for an extension and we can respond as we see fit."). The language to which Lead Plaintiff's counsel so strenuously objected was simply a proposed separate statement that "Defendants'

3

position is that it would be more efficient to set a full briefing schedule after all defendants have appeared or at least been served with the forthcoming amended complaint." *Id.* at 6.

Defendants' acquiescence to Lead Plaintiff's "neutral" stipulation—in the interest of averting having to file an emergency motion for an extension that should have been granted without extraneous condition—should not now be interpreted as Defendants' agreement to remain silent on this issue going forward, particularly in light of Lead Plaintiff counsel's earlier representation to defense counsel that the parties could "always ask for a modification of the briefing schedule down the road if it becomes necessary to address service concerns." Quinlan Decl. Ex. 2 at 11. While this last statement was made in the context of an prior proposal by Lead Plaintiff's counsel to stipulate to an even fuller briefing schedule, Defendants could reasonably believe that the assurance still applied, at the very least to the extent that Lead Plaintiff would not make arguments such as the ones it now makes in its Opposition, merely because Defendants agreed to a joint submission without a statement of the concerns they had made known to Lead Plaintiff's counsel in no-uncertain terms.

In light of the above, Mr. Elkin respectfully requests that the Court disregard the arguments in Lead Plaintiff's Opposition that rely on the parties' September 2024 stipulation, and grant Brooge's motion to modify the briefing schedule or stay this action pending service of the Amended Complaint on the absent Defendants.

Dated: March 10, 2025

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Colin V. Quinlan
Attorneys for Defendant Dimitri Elkin

4