Colin V. Quinlan (SBN 332225)
Email: colin.quinlan@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 443-5100
Facsimile:   (213) 443-5101

Attorneys for Defendant Dimitri Elkin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric WHITE,<br><br>              Plaintiff,<br><br>     vs.<br><br>BROOGE ENERGY LIMITED, et al.,<br><br>              Defendants. | Case No. 2:24-cv-00959-AH-DFM<br><br>**DEFENDANT DIMITRI ELKIN'S OBJECTION TO PARTIAL JOINT STIPULATION**<br><br>[Filed contemporaneously with Proposed Order]<br><br>Hon. Anne Hwang |

On July 23, 2025, Lead Plaintiff Bluefin Capital Management, LLC ("Bluefin") filed a document captioned "Partial Joint Stipulation to Consolidated Schedule for Filing of the Second Amended Complaint and Briefing of Defendants' Motions to Dismiss" on behalf of itself and some but not all Defendants who have been served and appeared in this action (the "Filing"). The Filing would affect parties who did not join in the Filing, including Defendant Dimitri Elkin. Mr. Elkin therefore requests that the Court construe the Filing as an ex parte application for relief from its March 26, 2025 Order, Dkt. No. 72 at 5 ("March Order"), which directed the Parties to meet and confer regarding a single, consolidated schedule

1

316947745v.1

regarding all served Defendants'[1] motions to dismiss the current Amended Class Action Complaint, Dkt. No. 46 ("FAC"), with a single hearing on all motions set no later than "sixty days after the date Bluefin completes service."  March Order ¶ 2. Bluefin now seeks to supersede the FAC, but the Filing's request for such relief does not comply with the Local Rules or the Court's Civil Standing Order, Dkt. No. 48, including because the Filing requests leave for Bluefin to file a second amended complaint by September 5, 2025, yet does not attach the proposed amended pleading.  *See* L.R. 15-1 ("Any proposed amended pleading must be filed as an attachment to the related motion or stipulation."); *cf. also* Civil Standing Order § G.2 (requiring counsel to attach the proposed amended pleading as a separate document and a redlined version as an appendix).

Instead of the relief requested by the Filing, Mr. Elkin proposes that the Court enter an order (1) vacating the current deadlines concerning Defendants' motions to dismiss the FAC; and (2) setting September 5, 2025, as Bluefin's deadline to file a noticed motion for leave to file a second amended complaint.  Mr. Elkin contends that such alternative relief would better serve judicial efficiency and sensible case management, and would promote the interests of justice by mitigating undue prejudice to all Defendants while accommodating Bluefin's desire to seek leave to file a second amended complaint.

Dated: July 23, 2025

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: Colin V. Quinlan

Attorneys for Defendant Dimitri Elkin

---

[1] Bluefin has not yet completed service on all Defendants, Dkt. No. 109 at 2, but has until August 1, 2025, to do so.  March Order ¶ 1.

2