Amanda F. Lawrence (admitted *pro hac vice*)
alawrence@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone:  (860) 404-7770
Facsimile:  (860) 537-4432

*Attorneys for Lead Plaintiff*
*Bluefin Capital Management, LLC*

[Additional Counsel on Signature Page.]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>BROOGE ENERGY LIMITED, et al.,<br><br>                    Defendants. | Case No.: 2:24-cv-00959-AH-DFM<br><br>**PLAINTIFF'S OPPOSITION TO EX PARTE APPLICATION TO EXCEED PAGE LIMITATION FOR DEFENDANT PRICEWATERHOUSECOOPERS, DUBAI BRANCH'S MEMORANDA IN SUPPORT OF ITS MOTION TO DISMISS AND CORRESPONDING REPLY** |

Plaintiff Bluefin Capital Management, LLC ("Plaintiff" or "Bluefin") respectfully submits this Opposition to Defendant PricewaterhouseCoopers, Dubai Branch's ("PwC") Ex Parte Application to Exceed Page Limitation for Its Motion to Dismiss and Corresponding Reply. (ECF. No. 125, the "Application" or "App."). As discussed below, the Application should be denied in its entirety.

This Court's Standing Order requires that "[m]emoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages. Replies shall not exceed twelve (12) pages. ***Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations***." ECF No. 48 at 8 (emphasis added). Without offering any rationale for why its situation qualifies as such a "rare instance," PwC—alone among the nine remaining Defendants[1]—has asked for leave to file an additional *ten* pages with its motion (for a total of 35 pages, or a *40%* increase over the limit) and an additional *five* pages with its reply (for a total of 17 pages, or a more than *70%* increase over the limit). Especially since there may be up to nine motions to dismiss and 225 pages of moving papers, there is no good reason to burden Plaintiff (who will only have six weeks, including the Thanksgiving holiday week, to respond to any filed motions) or the Court with additional, unnecessary briefing. PwC's request should be promptly denied.

This Court grants leave to exceed the standard 25-page limit "only in rare cases and for good cause shown." *Bruers v. Flowers Foods, Inc.,* 2019 WL 5867434, at *1 n.1 (C.D. Cal. Aug. 7, 2019). PwC has not identified any issue that distinguishes this case from the many securities actions—or indeed, any other complex civil matter—that are routinely briefed within the standard 25-page limit.

---

[1] The remaining Defendants are Brooge Energy Limited, Nicolaas L. Paardenkooper, Lina Saheb, Saleh Mohamed Yammout, Syed Masood Ali, Paul Ditchburn, Dimitri Elkin, Ernst & Young, and PwC.

1

PwC's request relies on generalized and conclusory assertions of complexity without describing any unique legal or factual question warranting extra pages. The issues PwC cites—such as alleged falsity, scienter, and loss causation—are common to every §10(b) securities complaint. Allowing expanded briefing on such ordinary grounds would undermine the purpose of page limits and invite unnecessary and duplicative argument.

Courts in this circuit routinely deny similar requests where good cause is not argued with specificity. *E.g.*, *Patterson v. Shinn*, 2023 WL 35018, at *1 (D. Ariz. Jan. 4, 2023) (denying motion to exceed page limit where proponent "offers only the conclusory statement that the additional pages are necessary to 'fully present all the relevant facts of the case' and to make his legal arguments," which is "not the kind of "case specific" information that constitutes good cause"); *Raiser v. City of Temecula*, 2019 WL 1581398, at *1 (C.D. Cal. Jan. 29, 2019) (denying request to exceed page limit for failure to demonstrate good cause); *see also Williams v. Lumpkin*, 339 F.R.D. 383, 385 (N.D. Tex. 2021) (explaining that "good cause" for a page-extension under the local rules requires "some rational explanation for why such is necessary *in this particular case*" and that "some reasonable degree of specificity is required" (emphasis added)). PwC's cited opinions (App. at 1:28-2:5) are inapposite. They involve instances in which courts granted the *plaintiff* excess pages to oppose motions to dismiss, in one case after the defendants had filed a forty-page motion to dismiss. *Mahonak v. Blinken*, 2024 WL 5424148, at *2 (C.D. Cal. Oct. 23, 2024). Here, Plaintiff is not requesting additional pages to respond to any individual motion to dismiss.[2]

---

[2] Plaintiff reserves the right to request leave to file an omnibus response to the various motions to dismiss—but in any event, the total pages requested would not exceed 25 pages per defense motion to dismiss.

OPPOSITION TO EX PARTE APPLICATION
CASE NO. 2:24-cv-00959-AH-DFM

Nor is there any other reason to justify PwC's request for additional pages. PwC makes much of the length of Plaintiff's Second Amended Complaint (the "SAC"), but PwC is just one of nine remaining Defendants; it is not tasked with responding to every paragraph in the SAC. However, even if PwC had to address every single allegation, litigation always requires parties to limit the claims and defenses they assert. This case is no different. *Cf. Hunt v. Kernan*, 2008 WL 4390163, at *3 (C.D. Cal. Sept. 10, 2008) (denying application to exceed page limit and noting that parties are expected to weed out weaker claims as part "of effective advocacy because every weak claim included in a party's brief detracts from . . . the stronger issues, reduces counsel's credibility before the court, and unnecessarily uses up pages that could have been used to develop the one or few good claims").

For the foregoing reasons, the Motion should be denied.[3]

DATED: October 22, 2025        Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s*/ Amanda F. Lawrence

Amanda F. Lawrence (admitted *pro hac vice*)
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 404-7770
Facsimile:  (860) 537-4432
alawrence@scott-scott.com

Anna Hunanyan (CA 330609)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 24th Fl.
New York, NY 10169

---

[3] Though Plaintiff strongly believes PwC's request for additional pages is unwarranted, if the Court grants PwC's request, Plaintiff requests a commensurate number of additional pages for its opposition.

3

OPPOSITION TO EX PARTE APPLICATION
CASE NO. 2:24-cv-00959-AH-DFM

Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
ahunanyan@scott-scott.com

Cornelia J. B. Gordon (CA 320207)
John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
cgordon@scott-scott.com
jjasnoch@scott-scott.com

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Attorneys for Lead Plaintiff Bluefin Capital Management, LLC and Co-Lead Counsel*

4

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Lead Plaintiff Bluefin Capital Management, LLC, certifies that this Opposition to Defendant PricewaterhouseCoopers, Dubai Branch's Ex Parte Application to Exceed Page Limitation for Its Motion to Dismiss and Corresponding Reply is three pages in length and complies with the 25-page limit of this Court's Standing Order, ¶ F(3), dated December 17, 2024, docketed in this action as ECF 48.

DATED: October 22, 2025

*s*/ Amanda F. Lawrence
Amanda F. Lawrence (admitted *pro hac vice*)

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of this filing via electronic means to all counsel of record.


DATED: October 22, 2025

*s*/ Amanda F. Lawrence

Amanda F. Lawrence (admitted *pro hac vice*)

OPPOSITION TO EX PARTE APPLICATION
CASE NO. 2:24-cv-00959-AH-DFM