Perrie M. Weiner, State Bar No. 134146
perrie.weiner@bakermckenzie.com
Benjamin W. Turner, State Bar No. 256092
ben.turner@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, California  90067
Telephone:   310.201.4728
Facsimile:   310.201.4721

Attorneys for Defendants
BROOGE ENERGY LIMITED, SALEH
YAMMOUT, MASOOD ALI SYED, and
PAUL DITCHBURN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BROOGE ENERGY LIMITED F/K/A BROOGE HOLDINGS LIMITED F/K/A TWELVE SEAS INVESTMENT COMPANY, NICOLAAS L. PAARDENKOOPER, SALEH YAMMOUT, SYED MASOOD ALI, LINA SAHEB, DIMITRI ELKIN, NEIL RICHARDSON, STEPHEN N. CANNON, PAUL DITCHBURN, ERNST & YOUNG, and PRICEWATERHOUSECOOPERS LIMITED PARTNERSHIP, DUBAI BRANCH,<br><br>Defendants. | **Case No. 2:24-cv-00959-AH-DFM**<br><br>**BROOGE DEFENDANTS' RESPONSE TO PLAINTIFF BLUEFIN CAPITAL MANAGEMENT, LLC'S APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS NICOLAAS L. PAARDENKOOPER AND LINA SAHEB**<br><br>Ctrm.:    9C, 9th Floor<br>Judge:    Hon. Anne Hwang<br><br>First Street Courthouse<br>350 W. 1st Street<br>Los Angeles, California 90012 |

RESPONSE TO APPLICATION FOR ENTRY OF DEFAULT

Defendants Brooge Energy Limited ("Brooge"), Saleh Yammout, Masood Ali Syed, and Paul Ditchburn (with Brooge, the "Brooge Defendants") respectfully submit this limited response to Plaintiff Bluefin Capital Management, LLC's ("Bluefin") application for the entry of default against Defendants Nicolaas Paardenkooper and Lina Saheb (the "Non-Appearing Defendants"). The Brooge Defendants do not appear for or on behalf of the Non-Appearing Defendants.

## I.   **INTRODUCTION**

The Brooge Defendants are separate parties from the Non-Appearing Defendants, are not represented by the same counsel in this matter as the Non-Appearing Defendants (who may be unrepresented), and recognize they lack standing to formally oppose an application for default against separate parties. Nevertheless, the Brooge Defendants respectfully submit this limited response for two purposes: (1) to raise facially apparent defects in the record concerning service of process on the Non-Appearing Defendants, which may implicate the Court's jurisdiction and extent to which entry of default and/or a default judgment under Federal Rule of Civil Procedure 55(b) may be entered; and (2) to formally request, pursuant to the *Frow* doctrine,[1] that the Court stay any subsequent decision concerning an application for default judgment under Rule 55(b) against the Non-Appearing Defendants until the claims against the Brooge Defendants are adjudicated on the merits or otherwise resolved.

In light of these issues, the Brooge Defendants respectfully submit that even a clerk's entry of default at this stage would be premature and cause unnecessary procedural complications. The Brooge Defendants are prepared to provide supplemental briefing on these matters, including on UAE service of process requirements and applicable law, if the Court deems it necessary.

## II.   **BACKGROUND**

This is a putative securities class action bringing claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5

---

[1] *See Frow v. De La Vega*, 82 U.S. 552 (1872).

RESPONSE TO APPLICATION FOR ENTRY OF DEFAULT

against the Brooge Defendants, the Non-Appearing Defendants, and other defendants. The Non-Appearing Defendants are alleged to be former officers of Brooge. *See* ECF 114 at ¶¶7-8. Bluefin purports to represent a class of persons and entities who acquired or purchased publicly traded securities in Brooge. *See* ECF 114 at ¶ 1.

To date, neither of the Non-Appearing Defendants have appeared in this case. On October 31, 2025, in response to an Order to Show Cause (ECF 124), Bluefin filed an application for the entry of default against the Non-Appearing Defendants. Bluefin asserts that the deadline for the Non-Appearing Defendants to respond expired on August 4, 2025. The only testimony in the record regarding purported compliance with UAE law with respect to service is a process server's conclusory statement in the proofs of service that copies of the documents – which did not include the SAC – were "mailed as required by U.A.E. law." *See, e.g.,* ECF 129-1, Ex. A.

On July 17, 2025, Bluefin filed a proof of service purporting to establish service on Mr. Paardenkooper in the UAE. *See* ECF 107. On July 31, 2025, Bluefin filed a similar proof of service purporting to establish service on Ms. Saheb in the UAE. ECF 112. On September 24, 2025, Bluefin filed its Second Amended Complaint ("SAC"), which added numerous additional allegations against the Non-Appearing Defendants. *See* ECF 114. The SAC remains the operative complaint in this action.

The supporting declaration filed with Bluefin's application for entry of default states that the addresses Bluefin used to attempt service were obtained through an unidentified investigator group, referred to as the "Group." *See* ECF No. 129-1 ¶3. According to the declaration, the "Group" located two addresses in records of the Dubai Land Department: (i) an apartment Mr. Paardenkooper allegedly contracted to lease until July 25, 2025, and (ii) a property Defendant Saheb allegedly owns. *Id.* ¶¶4–6. The application provides no evidence that Messrs. Paardenkooper or Saheb currently reside in the United Arab Emirates, nor that the listings or government records confirm either resides at these particular addresses, even assuming they currently reside in the UAE. *See id.*

The proof of service for Mr. Paardenkooper states that an agent, Luwam Yousief, personally delivered the summons and other legal papers – including the Amended Complaint, but not the SAC – to an individual identified as Mary Ann Boswich on July 12, 2025, at 3:14 p.m., at Apartment 1403, Marina Apartments 6, Palm Jumeirah, Dubai, United Arab Emirates. ECF 107. The proof of service asserts that Ms. Boswich was a "Co-tenant," but does not indicate that she verbally confirmed her identity, presented government-issued identification, stated that she was a "co-tenant" of Mr. Paardenkooper, or even acknowledged knowing him. *Id*. Nor does it state that Ms. Boswich confirmed or otherwise indicated that Mr. Paardenkooper resided at the address. *Id*. The proof of service further notes that Mr. Paardenkooper was not present at the address at the time of service, and does not indicate that any subsequent attempt was made to personally serve him at this address (or any other address) or to verify whether he actually resided there or in the UAE. *Id*. Finally, the proof of service states that the same documents were mailed to the address. *Id.*

Similarly, the proof of service for Ms. Saheb states that Luwam Yousief served the summons and other legal papers – including the Amended Complaint, but again not the SAC – by hand to an individual identified as Marisa Bato on July 13, 2025, at 2:34 p.m. at Villa 75, Sidra 2, Dubai Hills Estate, Hadaeq Sheikh Mohammed bin Rashid, Dubai, United Arab Emirates. ECF 112. Again, the proof of service does not indicate that she verbally confirmed her identity, presented government-issued identification, stated that she was a co-tenant of Ms. Saheb, or even acknowledged knowing her. *Id*. Nor does the proof – or any other document filed in support of the application – state that Ms. Bato confirmed or otherwise indicated that she resided at this address. *Id*. The proof of service further notes that Ms. Saheb was not present at the address at the time of service, and does not indicate that any subsequent attempt was made to personally serve her at this address (or any other address) or to verify whether she actually resided there or in the UAE. *Id*. Finally, the proof of service states that the same documents were mailed to the address. *Id*.

## III.   <u>DISCUSSION</u>

While the Brooge Defendants, as separate parties, lack standing to formally oppose Bluefin's application for entry of default, they respectfully seek to apprise the Court of three issues apparent on the face of the record. First, Bluefin's proofs of service fail to show that the ***operative SAC*** was served on the Non-Appearing Defendants. Second, the application fails to make the required non-conclusory showing that the method of service complies with applicable foreign law as required by Federal Rule of Civil Procedure 4(f)(2). Finally, and most critically for the Brooge Defendants, the *Frow* doctrine bars entry of any default judgment in this securities class action until the merits are fully adjudicated or otherwise resolved.

### A.   **Bluefin Has Not Served The Non-Appearing Defendants With The Operative Pleading**

Before a plaintiff can seek default judgment under Federal Rule of Civil Procedure 55(b), "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "entry of default is not appropriate [where] Plaintiff has failed to serve the second amended complaint -- the operative complaint -- on [the defendant]." *See Arnold v. Farmers Ins. Exch.*, No. 18-cv-02982-KAW, 2018 U.S. Dist. LEXIS 134788, at *3-4 (N.D. Cal. Aug. 9, 2018) (denying entry of default); *see also Emp. Painters' Tr. v. Cascade Coatings*, Case No. C12-101JLR, 2013 U.S. Dist. LEXIS 197621, 2013 WL 12158588, at *8-11 (W.D. Wash. Sept. 27, 2013) (denying motion for entry of default because "even though [the defendants] were properly served with the original complaint under Rule 4, any subsequent pleadings must still be served on each [d]efendant pursuant to Rule 5(a)(1)(B)."). Service of a previous, non-operative pleading is insufficient to obtain the entry of default.  *See id.*

Bluefin's application erroneously states that Messrs. Paardenkooper and Saheb were served with the SAC on July 12 and 13, 2025, respectively, citing the proofs of service filed at ECF 107 and 112 as proof. *See* ECF 129 at 1 ("The Nonresponsive Defendants were served on July 12, 2025 (Paardenkooper) and July 13, 2025 (Saheb)

RESPONSE REGARDING APPLICATION FOR ENTRY OF DEFAULT

with a true and correct copy of the SAC."). The actual proofs of service attached to the application for entry of default, however, do not list the SAC among the documents served. *See* ECF 107, 112. As explained above, the proofs of service predate the filing of the SAC and thus both proofs state that the documents delivered were the "Amended Class Action Complaint, Appendix A, and Appendix B" – that is, the prior amended complaint, not the operative SAC. There is no evidence submitted with the application for entry of default that the SAC, filed on September 24 – months after the proofs of service were filed – was ever served on either Paardenkooper or Saheb or that Bluefin even attempted such service. Accordingly, Bluefin has not met its burden to demonstrate proper service of the operative pleading and that the Non-Appearing Defendants' time to respond has run. For this reason alone, even a clerk's entry of default would be premature at this stage.

## B. The Proofs Of Service Are Deficient

Bluefin's application fails to meet its burden of proving valid service for two related reasons.

First, the proofs of service state that service was made at the defendants' "usual place of abode." ECF 107, 112. Putting to one side "whether usual place of abode" is the relevant legal standard for individuals who may reside in the UAE and are purportedly being served pursuant to Federal Rule of Civil Procedure 4(f)(2), the declaration filed to support this application fails to provide a sufficient factual basis to establish that the locations served were their "usual place of abode" at the time of service. ECF 129-1. The supporting declaration contains only secondhand hearsay from an unnamed "investigative group." *See id.* at ¶¶3-4. This vague statement is facially questionable. For Mr. Paardenkooper, the declaration states his ***rental contract*** was set to expire on July 25, 2025, just thirteen days before a process server supposedly visited this address. *See id.* at ¶5. This does not confirm residency. Assuming *arguendo* Mr. Paardenkooper once resided at this address, it is equally plausible that he was in the process of moving out, had already vacated the premises in anticipation of the lease's

expiration, or had completely moved out of the country. For Ms. Saheb, the declaration merely speculates that she is the "*apparent* resident" based on two alleged facts: she owns the property and it was not rented out. *See id.* at ¶6 (emphasis added). Of course, ownership does not equate to residency and this speculation as to her "apparent" place of residence is insufficient to establish the property as her "usual place of abode"—even if "usual place of abode" were the relevant legal standard.

Second, the application relies on Federal Rule of Civil Procedure 4(f)(2)(A), which requires service "as prescribed by the foreign country's law." The only "evidence" of this is the process server's conclusory statement in the two proofs of service that copies were mailed "as required by U.A.E. law." ECF 129, Exs. 1-2. This is a legal conclusion, not a factual one. Bluefin submits no authority – such as a declaration from a UAE legal expert or a single citation to UAE law – to substantiate this claim. *See Hashem v. Shabi*, Civil Action No. 17-1645 (ABJ), 2018 U.S. Dist. LEXIS 237129, at *9 (D.D.C. Apr. 26, 2018) (concluding that the plaintiff failed to prove that she properly served the defendant in the United Arab Emirates pursuant to Rule 4(f)(2)(C)(ii) because the application for the entry of default failed to discuss or analyze the service laws and rules of the United Arab Emirates, and because the only evidence before the Court suggested that service in the United Arab Emirates must proceed "through diplomatic channels")).

It also bears emphasis that the process server used a California state court form (POS-010), captioned "Superior Court of California" to attest to service in this federal court action. By using this form, the process server describes service in terms of California law – such as delivery at a "dwelling house or usual place of abode" to a "competent member of the household" – rather than addressing the requirements of UAE law, as mandated by Federal Rule of Civil Procedure 4(f)(2). Under this rule, the purported method of service—here, "substituted service" on a "co-tenant" (ECF 107) must be "as prescribed by the foreign country's law."

RESPONSE REGARDING APPLICATION FOR ENTRY OF DEFAULT

Bluefin never attempts to make that showing, and instead equates California service laws with those of the United Arab Emirates without explanation or citation to UAE law. Indeed, the application fails to discuss UAE law or rules of service at all, including whether mail or substituted service is sufficient or prohibited under these laws or rules, whether service in the UAE and process servers are regulated, and whether process servers in the UAE must be licensed or certified by a government agency. The use of a California state court form in a federal action involving service in a foreign country underscores the absence of any showing that the method of service complies with UAE law – or the applicable law of the country in which the Non-Appearing Defendants reside, as required by Rule 4(f)(2).

Further, the address provided for the process server is in Valencia, California. *See* ECF 107, 112. There is nothing in the record to suggest that this California-based individual is in any way registered, licensed or authorized to effect service of process in the UAE. To the extent the UAE regulates process servers, this statement directly undermines the credibility of the legal assertion that the process server followed UAE law.

In sum, Bluefin has not met its burden of proving service, which is a prerequisite for default. The Brooge Defendants respectfully note these potential jurisdictional defects for the Court's consideration, particularly before any Rule 55(b) motion practice begins. While a defendant may move to set aside a clerk's entry of default under Federal Rule of Civil Procedure 55(c) for good cause, Rule 55(c) motion practice would impose unnecessary costs on the Court and potentially delay resolution of the case where, as here, the proofs of service do not establish effective service on the Non-Appearing Defendants and fail to show that they were even served with the operative SAC.

### C.   Under The *Frow* Doctrine, The Court Should Defer Any Rule 55(b) Default Judgment

When a court applies its discretion to deciding whether to enter a Rule 55(b) default judgment against less than all defendants in a multi-defendant case, courts in the

Ninth Circuit follow the doctrine from *Frow v. De La Vega*, 82 U.S. 552 (1872). *See Clear View Enters., LLC v. Lott*, No. 2:23-cv-01359-DC-SCR, 2025 LX 456293, at *6 (E.D. Cal. Sep. 18, 2025) (citing *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)). The *Frow* doctrine recognizes that, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d at 532. "It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.* It would be "incongruous and unfair" to allow a party to prevail against defaulting defendants on a theory rejected by the court as to answering defendants. *Id.* The *Frow* doctrine also applies to co-defendants who "are 'similarly situated,' such that the case against each rests on the same legal theory." *Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012).

That is precisely the posture here. Bluefin brings a Rule 10b-5 securities class action with overlapping claims, allegations, and legal theories against both the Brooge Defendants and the Non-Appearing Defendants and the Brooge Defendants are vigorously contesting liability. Allowing a Rule 55(b) default judgment now would risk inconsistent outcomes, with the Court finding the allegations deemed admitted as to the Non-Appearing Defendants while the Brooge Defendants establish that those same allegations fail to state a claim, are false, or otherwise lack evidentiary support sufficient for Bluefin to carry its burden. Because the Brooge Defendants are actively litigating the merits of the very same claims pled against the Non-Appearing Defendants, the *Frow* doctrine applies.

Therefore, the Brooge Defendants respectfully request that any motion practice for a default judgment be stayed until the claims against the Brooge Defendants are fully adjudicated or otherwise conclusively resolved.

Dated: November 4, 2025

Respectfully submitted,

By:    *Perrie M. Weiner*
Perrie M. Weiner
Benjamin Turner
**BAKER & MCKENZIE LLP**

Attorneys for Defendant
BROOGE ENERGY LIMITED