Amanda F. Lawrence (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 404-7770
Facsimile:  (860) 537-4432
alawrence@scott-scott.com

*Attorneys for Lead Plaintiff*
*Bluefin Capital Management, LLC*

[Additional Counsel on Signature Page.]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>BROOGE ENERGY LIMITED F/K/A BROOGE HOLDINGS LIMITED F/K/A TWELVE SEAS INVESTMENT COMPANY, *et al.*,<br>                    Defendants. | Case No.: 2:24-cv-00959-AH<br><br>**PLAINTIFF'S REPLY TO THE BROOGE DEFENDANTS' RESPONSE TO PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT**<br><br>Judge:    Hon. Anne Hwang<br>Ctrm:     9C, 9th Floor<br><br>First Street Courthouse<br>350 W. 1st Street<br>Los Angeles, California 90012 |

On October 31, 2025, Plaintiff Bluefin Capital Management, LLC ("Plaintiff" or "Bluefin") applied for entries of default with respect to two members of Brooge's former management: Defendants Nicolaas Paardenkooper ("Paardenkooper") and Lina Saheb ("Saheb," and with Paardenkooper, the "Nonresponsive Defendants") (ECF No. 129, the "Application"). The Brooge Defendants,[1] despite their admitted lack of standing to oppose this motion, filed a Response to Plaintiff's Application for Entry of Default (ECF No. 131, "Brooge Br.")—effectively, an opposition. The Court should disregard that improper filing. Nonetheless, in an abundance of caution, Plaintiff files this reply in support of the Application to briefly address arguments made by the Brooge Defendants.

*First*, the Brooge Defendants have no basis to challenge the Application, as they themselves acknowledge "they lack standing to formally oppose an application for default against separate parties." Brooge Br. at 2. For that reason alone, the Court should not consider their response and should grant the Application.[2]

*Second*, Plaintiff's service on Paardenkooper and Saheb was adequate. Plaintiff hired a legitimate process server to serve Paardenkooper and Saheb within a tight timeframe, and that process server delivered. As set forth in the Application, Plaintiff retained a respected, global consulting firm, Berkeley Research Group ("BRG"),[3] to locate residential addresses for Paardenkooper and Saheb (at not-insignificant expense), and then hired an experienced process server, Process Service Network ("PSN"), to deliver the service materials to individuals at those addresses—

---

[1] The "Brooge Defendants" include Brooge Energy Limited ("Brooge"), Saleh Yammout, Masood Ali Syed, and Paul Ditchburn.

[2] The Brooge Defendants' true concern appears to be an early entry of default judgment against Paardenkooper and Saheb, with whom they could be found jointly and severally liable. *See* Brooge Br. § III.C. This concern is moot. Plaintiff has not moved for default judgment against Paardenkooper and Saheb.

[3] Plaintiff referred to BRG as a third-party investigative group in the Application for ease of reference, which the Brooge Defendants have attempted to paint as something sinister. ECF No. 131 at 2 (referring to the group dismissively as "an unidentified investigator group"). To remove any confusion, Plaintiff now identifies the group as BRG.

1

which PSN did.  Service on Paardenkooper and Saheb was effective, and the Court should grant the Application.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began service efforts on Paardenkooper and Saheb in July 2024, soon after its appointment as Lead Plaintiff.  *See* Declaration of Cornelia J. B. Gordon in Support of Plaintiff's Opposition to the Motion to Stay[4] (ECF No. 62, "Gordon Decl. I") at ¶¶2-3.  After Plaintiff learned that the Civil Action Group ("CAG") would be unable to locate home addresses for Paardenkooper and Saheb in the fall of 2024 (*id.,* ¶6), Plaintiff contacted an international law firm to assist with service efforts in CAG's stead, *id.,* ¶7.  Unfortunately, after the First Amended Complaint was filed in December 2024, that law firm informed Plaintiff it would be unable to assist further with service in this matter.  *Id.,* ¶¶9-10.

In January 2025, Plaintiff asked counsel for Brooge to provide addresses for Defendants Nicolaas L. Paardenkooper, Saleh Yammout, Syed Masood Ali, Lina Saheb, and Paul Ditchburn.  Gordon Decl. I at ¶11.  Brooge's counsel stonewalled Plaintiff then, and twice more in February 2025 when the request was renewed.  *Id.,* ¶¶12-13.  After Plaintiff noted the hypocrisy of Brooge's position in its Opposition to the Motion to Stay (ECF No. 61, at 2), Brooge agreed to waive service for Defendant Saleh Yammout, a current director.  Brooge had no good answer for its refusal to provide the other parties' contact information.[5]

The Court granted in part Brooge's Motion to Stay and ordered Plaintiff to serve the remaining, unserved Defendants—then including Paardenkooper, Saheb, and Ditchburn, among others—within the next four months.  ECF No. 72 at 5.

---

[4]    "Motion to Stay" refers to Defendant Brooge Energy Limited's Motion to Modify Briefing and Hearing Schedule on Brooge's Motion to Dismiss or, in the Alternative, to Stay This Action Pending Service on Remaining Defendants (ECF No. 53).

[5]    Brooge only argued, weakly and without any supporting evidence, that "relevant privacy laws in the U.A.E. and elsewhere [might not] permit Brooge to hand over the personal information of former employees."  ECF No. 69 at 9.

2

Plaintiff quickly contacted BRG, which is a global consulting firm, to locate the foreign individuals.  *See* Declaration of Cornelia J. B. Gordon in Support of the Application (ECF No. 129-1, "Gordon Decl. II") at ¶3 & *supra* at 1 (identifying third-party group as BRG).

Then, having incurred thousands of dollars in expenses to obtain addresses for Paardenkooper, Saheb, and Ditchburn, Plaintiff turned to completing service within the Court's specified timeframe.  Declaration of Cornelia J. B. Gordon in Support of Plaintiff's Reply to the Brooge Defendants' Response to Plaintiff's Application for Entry of Default ("Gordon Decl. III") at ¶3.  Plaintiff retained PSN, the same service group that served Defendant PricewaterhouseCoopers Limited Partnership, Dubai Branch, to serve these three individuals.  *Id.,* ¶4.  That service was effective with respect to Ditchburn, who is now represented by the Brooge Defendants' counsel and who has not raised insufficient service of process in his motion to dismiss. Paardenkooper and Saheb were served in the same fashion.  *Compare* ECF No. 108 (substitute service on Ditchburn's co-tenant, followed by mailing as required by U.A.E. law) *with* ECF Nos. 107 & 112 (same for Paardenkooper and Saheb, respectively).  Yet neither Paardenkooper nor Saheb responded.

On October 17, 2025, the Court instructed Plaintiff to either request entries of default for Paardenkooper or Saheb or dismiss them from the case.  ECF No. 124 at 1.  In compliance with the Court's order, Plaintiff applied for entries of default with respect to both Paardenkooper and Saheb on October 31, 2025.  The Brooge Defendants filed their opposition on November 4, 2025.

## **ARGUMENT**

### **I.    The Brooge Defendants Lack Standing to Oppose Plaintiff's Application for Entry of Default**

As the Brooge Defendants themselves acknowledge, they lack standing to oppose the application for entries of default against Paardenkooper and Saheb.

3

Brooge Br. at 1. Understandably so. It is well-established that one defendant cannot challenge service of process on another, as they lack standing to do so. *See, e.g.*, *United States v. Dillon*, 2019 WL 79359, at \*1 (D. Idaho Jan. 2, 2019) (holding that "Dillon lacks standing to challenge the service of process on a co-defendant"); *cf. United States v. Viltrakis*, 108 F.3d 1159, 1160-61 (9th Cir. 1997) ("Courts have regularly held that a defendant or a putative defendant lacks standing to object to a subpoena issued to a nonparty witness…. These decisions turn on the principle that *the person served with process is the proper party to allege error*.") (emphasis added) (citation modified).

The Court should disregard the Brooge Defendants' filing. Without it there is no valid opposition to the Application, which should be granted for the reasons set forth below.

## II.    Plaintiff Served Paardenkooper and Saheb

As outlined in the Application and the accompanying declaration, Plaintiff has effected service on Paardenkooper and Saheb. Plaintiff hired BRG to locate both individuals. The accompanying declaration describes how BRG did that. Gordon Decl. II at ¶¶3-6. Then, the process server that Plaintiff retained, PSN, delivered the service materials, including the First Amended Complaint,[6] to the Nonresponsive Defendants' respective co-tenants at their addresses. *Id.,* ¶¶7-8 & ECF Nos. 107, 112. The documents were then mailed to the addresses "as required by U.A.E. law," per the proofs of service. ECF Nos. 107, 112. Service on both Paardenkooper and Saheb was thus effected.

---

[6]    In the Application and accompanying declaration Plaintiff mistakenly referred to the pleading served as the Second Amended Complaint, which was an inadvertent error. Gordon Decl. III at ¶5. Both the Application and declaration clearly meant to refer to the First Amended Complaint, as the events they describe took place before the filing of the Second Amended Complaint on September 24, 2025. *See* ECF No. 114.

4

The Brooge Defendants' arguments to the contrary are unavailing. *First*, Plaintiff neither was, nor is, required to serve the Second Amended Complaint (the "SAC") on the Nonresponsive Defendants. Federal Rule of Civil Procedure 5(a)(2) clearly states that "no service is required on a party who is in default for failing to appear." (Citation modified). "A court need not have adjudicated a party as being 'in default'" for the rule to apply; "[a]ny party who has failed to appear is a party 'in default for failure to appear' for the purposes of the rule." *Anunciation v. W. Cap. Fin. Servs. Corp.*, 97 F.3d 1458 (9th Cir. 1996). The only exception is when a pleading "asserts a new claim for relief against such a party," and here, no new claims were asserted against Paardenkooper and Saheb in the SAC. *See, e.g.*, *JBR, Inc v. Cafe Don Paco, Inc*, 2014 WL 5034292, at *1 (N.D. Cal. Sept. 30, 2014) (concluding that "Rule 5(a)(2) did not require service of the second amended complaint on the two defendants who failed to appear because it did not add a new claim," even where new factual allegations were added). As such, Plaintiff was not obligated to go through the time and expense of re-serving them with the SAC.[7]

*Second*, the proofs of service are not deficient. The Brooge Defendants argue that the proofs are deficient without providing any basis for their conclusion. In the case they cite, *Hashem v. Shabi*, 2018 WL 3382913, at *4 (D.D.C. Apr. 26, 2018), the court determined service was improper after reviewing an *affidavit* the defendants provided addressing U.A.E. law. Here, the Brooge Defendants have provided no evidence that service was ineffective beyond their own speculation. *See, e.g.*, Brooge Br. at 7 (purporting to raise *potential* issues related to unidentified "UAE law[s]" without providing any citations to support their arguments).

---

[7]    The cases the Brooge Defendants cite in support of this argument are both inapposite. *Arnold v. Farmers Insurance Exchange*, 2018 WL 3777136, at *2 (N.D. Cal. Aug. 9, 2018), involved an amended pleading that incorporated new claims, putting it outside Rule 5(a)(2). *Employee Painters' Trust v. Cascade Coatings*, 2013 WL 12158588, at *4 (W.D. Wash. Sept. 27, 2013), involved a situation where the defaulting party had counsel who had already made an appearance in the litigation, meaning they had not failed to appear under Rule 5(a)(2)—whereas here, neither Paardenkooper nor Saheb, nor counsel for them, has appeared.

5

Their more specific arguments related to the proofs fare no better. Contrary to what they argue, Plaintiff's use of the California state court form is not indicative of any impropriety. Just the opposite: Plaintiff was *instructed* to use that form by the court clerk. Gordon Decl. III at ¶6. The use of the form was thus not an attempt to "equate[] California service laws with those of the United Arab Emirates" as the Brooge Defendants claim. Brooge Br. at 7. Nor does the location of PSN's headquarters in Valencia, California bear on service in the U.A.E. The Brooge Defendants have provided no authority for the proposition that a California headquarters renders a company's foreign service efforts ineffective. The Court should disregard these baseless arguments and instruct the clerk to enter the defaults.

## CONCLUSION

For the foregoing reasons, the Application should be granted and defaults entered against both Paardenkooper and Saheb.

DATED: November 20, 2025

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s*/ Amanda F. Lawrence
Amanda F. Lawrence (admitted *pro hac vice*)
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 404-7770
Facsimile: (860) 537-4432
alawrence@scott-scott.com

Anna Hunanyan (CA 330609)
The Helmsley Building
230 Park Ave., 24th Fl.
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
ahunanyan@scott-scott.com

John T. Jasnoch (CA 281605)
Cornelia J. B. Gordon (CA 320207)600 W.
Broadway, Suite 3300
San Diego, CA 92101

6

Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
jjasnoch@scott-scott.com
cgordon@scott-scott.com
**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Attorneys for Lead Plaintiff Bluefin Capital Management, LLC and Co-Lead Counsel*

7