UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00959-AH-(DFMx) | Date | December 29, 2025 |
| Title | *Eric White v. Brooge Energy Limited et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING APPLICATION FOR CLERK'S ENTRY OF DEFAULT (DKT. NO. 129) AND ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION**

Before the Court is an Application for Entry of Default ("Application") against Defendants Nicolaas L. Paardenkooper ("Paardenkooper") and Lina Saheb ("Saheb") (collectively, "Defendants"), filed by Lead Plaintiff Bluefin Capital Management, LLC ("Plaintiff"). Appl., Dkt. No. 129. Defendants Brooge Energy Limited, Saleh Yammout, Masood Ali Syed, and Paul Ditchburn (collectively, the "Brooge Defendants") filed a "limited response." Resp., Dkt. No. 131. Plaintiff filed a Reply. Reply, Dkt. No. 137. For the following reasons, the Court **DENIES** Plaintiff's Application.

## I.    BACKGROUND

The initial Complaint was filed on February 5, 2024, and named Paardenkooper and Saheb as defendants. Dkt. No. 1. The First Amended Complaint ("FAC") was filed on December 6, 2024, and also named Paardenkooper and Saheb as defendants. Dkt. No. 46.

On July 17, 2025, Plaintiff filed a Proof of Service for Paardenkooper, which consisted of a state court Proof of Service of Summons form and a signed declaration of the process server.  Dkt. No. 107.  The filing indicates that a process server served a summons and the FAC at Paardenkooper's "usual place of abode" at an address in the United Arab Emirates ("U.A.E.") "by leaving [the summons] with Marry Ann Boswich (Co-tenant) on July 12, 2025," and that "[p]ersonal service was not possible because the defendant was not home."  Dkt. No. 107 at 4.[1] The Proof of Service further states that the process server "also mailed a copy of the same service documents to the defendant on July 14, 2025, as required by U.A.E. law."  *Id.*

On July 31, 2025, Plaintiff filed a Proof of Service for Saheb, which also consisted of a state court Proof of Service of Summons form and a signed declaration of the process server.  Dkt. No. 112.  The filing indicated that a process server served a summons and the FAC at Saheb's "usual place of abode" at an address in the U.A.E. "by serving Marisa Bato, co-tenant who is authorized to accept service on July 13, 2025."  *Id.* at 4.  The Proof of Service further states that the process server "also mailed a copy of the same documents to the Defendant, Lina Saheb, by first-class mail on July 13, 2025, as required by U.A.E. law."  *Id.*

On September 24, 2025, Plaintiff filed the Second Amended Complaint ("SAC"), which names Paardenkooper and Saheb as defendants.  Dkt. No. 114. Although the SAC includes additional factual allegations, no new claims for relief were added to the SAC that were not present in the FAC.

On October 17, 2025, the Court ordered Plaintiff to show cause in writing within fourteen days, why this action should not be dismissed for lack of prosecution as to Paardenkooper and Saheb.  Dkt. No. 124.  On October 31, 2025, Plaintiff filed the instant Application.  Dkt. No. 129.

## II.    LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "For default to be entered, the Court must have jurisdiction over that party, meaning that the party must have been effectively served with process in the manner prescribed

---

[1] The Court uses the ECF page numbers for the Proofs of Service.

by Federal Rule of Civil Procedure 4." *Activision Publ'g, Inc. v. Rothholz*, 2025 WL 2630904, at *1 (C.D. Cal. Aug. 22, 2025) (citation modified).

## III.   DISCUSSION

In the "limited response," the Brooge Defendants acknowledge that they "lack standing to formally oppose" the Application, but "seek to apprise the Court of three issues apparent from the face of the record." Resp. at 4.[2] Specifically, they argue that Paardenkooper and Saheb have not been served with the Second Amended Complaint, the proofs of service submitted with the Application are deficient, and "the Court should defer any Rule 55(b) default judgment." *See generally* Resp.

The Court finds that Plaintiff has not shown that Saheb and Pardenkooper have been properly served. Plaintiff maintains that service was effectuated pursuant to Rule 4(f)(2). Appl. at 1; Gordon Decl., Dkt. No. 129-1, ¶¶ 7-8. Rule 4(f)(2) provides for service of an individual outside of the United States

> if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.]

Fed. R. Civ. P. 4(f)(2). Plaintiff does not specify, in either the Application or Reply, under which provision of Rule 4(f)(2) it effectuated service on the

---

[2] Despite the Brooge Defendants' concession of lack of standing to formally oppose entry of default against Defendants, "[f]or default to be entered, the Court must have jurisdiction over that party." *Activision Publ'g*, 2025 WL 2630904, at *1. Thus, regardless of whether there is a "valid opposition to the Application," Reply at 4, the Court evaluates it all the same.

Nonresponsive Defendants.  Because Plaintiff does not assert that a letter rogatory or letter of request to any foreign authority was sent, or that either Defendant was personally served, and Plaintiff did not comply with this district's requirements for service under Rule 4(f)(2)(C)(ii), *see* C.D. Cal. R. 4-5, the Court presumes that Plaintiff asserts proper service under Rule 4(f)(2)(A).  However, nowhere in the Application, the accompanying declaration, or the proofs of service is it stated under which U.A.E. law service was properly effectuated.  *See Winplus N. Am., Inc. v. Scan Top Enter. Co.*, 2015 WL 13919470, at *2 (C.D. Cal. Mar. 31, 2015) ("Plaintiff's Application does not cite any authority for the proposition that personal service of process upon [the defendant] in Taiwan was proper.  Thus, such service appears to be insufficient.").[3]  As the Brooge Defendants note,

> the application fails to discuss UAE law or rules of service at all, including whether mail or substituted service is sufficient or prohibited under these laws or rules, whether service in the UAE and process servers are regulated, and whether process servers in the UAE must be licensed or certified by a government agency.

Resp. at 7.

Because Plaintiff has not shown that Paardenkooper or Saheb were properly served under the laws of the U.A.E., the Court declines to enter default as to them.[4]

---

[3] In seeking to distinguish *Hashem v. Shabi*, 2018 WL 3382913 (D.D.C. Apr. 26, 2018), which the Brooge Defendants cite, Plaintiff argues that "the Brooge Defendants have provided no evidence that service was ineffective beyond their own speculation," whereas the *Hashem* defendant provided an affidavit regarding the law for service in the U.A.E.  Reply at 5.  However, "plaintiffs bear the burden of establishing that service was valid under Rule 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  The *Hashem* court noted this in disregarding the defendant's affidavit.  2018 WL 3382913, at *10.

[4] Were Plaintiff to have sufficiently demonstrated that service of the FAC was effectuated on the Nonresponsive Defendants, the fact that the SAC was not served on the Nonresponsive Defendants would not bar entry of default.  That is because "[n]o service is required on a party who is in default for failing to appear" unless the amended complaint "asserts a new claim for relief against such a party," Fed. R. Civ. P. 5(a)(2), which the SAC does not.  *See supra* at 2.

---

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Application. Plaintiff is once again **ORDERED** to show cause in writing, within fourteen (14) days of the date of this Order, why this action should not be dismissed as to Paardenkooper and Saheb for lack of prosecution.  Failure to respond will result in dismissal of these defendants from the action without further notice.

**IT IS SO ORDERED.**