Amanda F. Lawrence (admitted *pro hac vice*)
alawrence@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 404-7770
Facsimile:  (860) 537-4432

*Attorneys for Lead Plaintiff*
*Bluefin Capital Management, LLC*

[Additional Counsel on Signature Page.]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>BROOGE ENERGY LIMITED, et al.,<br><br>      Defendants. | Case No.: 2:24-cv-00959-AH-DFM<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER DENYING APPLICATION FOR CLERK'S ENTRY OF DEFAULT AND ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION, AND MOTION FOR SERVICE OF PROCESS VIA ALTERNATIVE MEANS** |

# TABLE OF CONTENTS

I.     INTRODUCTION ...........................................................................................1

II.    BACKGROUND ............................................................................................2

III.   LEGAL STANDARD ....................................................................................4

IV.   ARGUMENT.................................................................................................6

    A.     Service Via Certified Mail Is Reasonably Calculated to Apprise Defendants of This Action.................................................................................6

    B.     Service Via Defendants' Counsel Is Reasonably Calculated to Apprise Defendants of This Action.................................................................................7

    C.     Service by Publication Will Also Apprise Defendants of This Action 9

    D.     Alternative Service Is in the Public Interest.......................................10

    E.     Plaintiff Has Been, and Intends to Continue, Prosecuting This Action Against Paardenkooper and Saheb ...................................................................10

V.    CONCLUSION...........................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aifang v. Velocity VIII Ltd. P'ship*, 2015 WL 12747827 (C.D. Cal. Aug. 7, 2015) ...............................................................................9

*Am. Work Adventures, Inc. v. Murugian*, 2021 WL 783522 (N.D. Cal. Mar. 1, 2021)....................................................................................6

*B.P. Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270 (E.D. Va. 2006) ........................9

*BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263 (E.D. Va. 2005) ........................8

*Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771 (S.D. Fla. May 31, 2007) ...................................................8

*Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560 (C.D. Cal. 2012) ...............................................................................5

*Color Switch LLC v. Fortafy Games DMCC*, 2018 WL 2298401 (E.D. Cal. May 21, 2018) .........................................................................5

*Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769 (S.D.N.Y. 2005) ...................8

*FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531 (E.D. Va. 2005) .....................8

*Forum Fin. Grp., LLC v. President and Fellows of Harvard College*, 199 F.R.D. 22 (D. Me. 2001).........................................................................8

*Kuhlman v. McDonnell*, 2021 WL 306468 (S.D. Ohio Jan. 29, 2021) .....................5

*Malone v. Highway Star Logistics, Inc.*, 2009 WL 2139857 (D. Colo. July 13, 2009)......................................................................7, 9

*Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) .........................5

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002).................5, 10

*TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687 (S.D. Fla. 2010) ........................................................7

ii

*U.S. Commodity Futures Trading Comm'n. v. Lake Shore Asset Mgmt., Ltd.*, 2008 WL 4299771 (N.D. Ill. Sept. 17, 2008) ...................................9

*U.S. Liab. Ins. Co. v. Hediz, LLC*, 2025 WL 3215920 (D. Nev. Nov. 17, 2025) ...........................................................................................................7

*United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262 (S.D.N.Y. 2012) .............................................................................................5, 10

**Other Authorities**

Federal Rules of Civil Procedure Rule 4(f) .......................................................*passim*

## I.   INTRODUCTION

Lead Plaintiff Bluefin Capital Management, LLC ("Plaintiff") respectfully moves this Court for an order allowing alternative service upon Defendants Nicolaas L. Paardenkooper ("Paardenkooper") and Lina Saheb ("Saheb," and with Paardenkooper, the "Defendants").  By this motion, Plaintiff also responds to this Court's December 29, 2025 Order directing Plaintiff "to show cause in writing, within fourteen (14) days of the date of this Order, why this action should not be dismissed as to Paardenkooper and Saheb for lack of prosecution."  ECF No. 146 at 5.  Plaintiff has conducted a reasonable and diligent investigation to identify and locate Defendants.  These efforts have included the retention of a  respected, global consulting firm—Berkeley Research Group ("BRG")—to locate residential addresses for each of Paardenkooper and Saheb, followed by the hiring of an experienced process server—Process Service Network ("PSN")—to successfully deliver the service materials to individuals at those addresses.[1]  The efforts also included attempts by Plaintiff's counsel to locate contact information for Paardenkooper and Saheb; unsuccessful attempts to contact third parties who might have information about their whereabouts; and the employment of counsel's own internal investigative team to locate both individuals, without success.  *See*

---

[1]     As discussed in greater detail in Plaintiff's prior Application for Clerk's Entry of Default (ECF. No. 129) and Reply in Support of Application for Clerk to Enter Default (ECF. No. 137), PSN served a summons and the First Amended Complaint ("FAC") at Paardenkooper's "usual place of abode" at an address in the United Arab Emirates ("U.A.E.") "by leaving [the documents] with Mary Ann Boswich (Co-tenant) on July 12, 2025."  ECF No. 107 at 4.  Personal service was not possible because Paardenkooper was not home. *Id.*  The process server "also mailed a copy of the same service documents to the defendant on July 14, 2025, as required by U.A.E. law." *Id.*  Plaintiff also served a summons and the FAC at Saheb's "usual place of abode" at an address in the U.A.E. "by serving Marisa Bato, co-tenant who is authorized to accept service on July 13, 2025." ECF No. 112. at 4.  The process server "also mailed a copy of the same documents to the Defendant, Lina Saheb, by first-class mail on July 13, 2025, as required by U.A.E. law." *Id.*

Declaration of Cornelia J.B. Gordon in Support of Plaintiff's Motion for Service of Process Via Alternative Means ("Gordon Decl") at ¶9.

Plaintiff subsequently applied for the entry of defaults as to both Paardenkooper and Saheb. On December 29, 2026, however, this Court found that Plaintiffs have not shown that Defendants were properly served and declined to enter defaults against them. ECF No. 146 at 4. Having attempted to effect service of process in person on Defendants, and having exhausted all other reasonable possibilities, Plaintiff respectfully requests that this Court authorize Plaintiff to serve the complaint and summons on Defendants by (i) certified mail; (ii) service to Defendants' counsel in the Securities and Exchange Commission ("SEC") investigation by certified mail; and/or (iii) publication. Plaintiff's proposed methods of service, individually and collectively, are reasonably calculated to apprise Defendants of the pendency of the action.

## II.    BACKGROUND

Plaintiff began service efforts on Paardenkooper and Saheb in July 2024, soon after its appointment as Lead Plaintiff. *See* ECF No. 62 at ¶¶2-3. The following timeline demonstrates this:

- After Plaintiff learned that the Civil Action Group ("CAG") would be unable to locate home addresses for Paardenkooper and Saheb in the fall of 2024 (ECF No. 62 at ¶6), Plaintiff contacted an international law firm to assist with service efforts in CAG's stead, *id.*, ¶7. Unfortunately, after the First Amended Complaint was filed in December 2024, that law firm informed Plaintiff it would be unable to assist further with service in this matter. *Id.*, ¶¶9-10.[2]

---

[2]    While the law firm did not provide more information about its reasoning, its withdrawal came after the addition of Defendants PricewaterhouseCoopers, Dubai Branch, and Ernst & Young to the matter, suggesting a possible conflict.

- In January 2025, Plaintiff asked counsel for Brooge to provide addresses for Defendants Nicolaas L. Paardenkooper, Saleh Yammout, Syed Masood Ali, Lina Saheb, and Paul Ditchburn.  ECF No. 62 at ¶11.  Brooge's counsel did not respond to Plaintiff then, and did not respond twice more in February 2025 when the request was renewed.  *Id.*, ¶¶11-12.

- After Plaintiff noted the hypocrisy of Brooge's position—requesting a stay based on lack of service, while refusing to accept service on behalf of one of its current directors, Defendant Saleh Yammout—in its Opposition to the Motion to Stay (ECF No. 61, at 2), Brooge agreed to waive service for Defendant Yammout.  Brooge had no good answer for its refusal to provide the other parties' contact information.

- The Court granted in part Brooge's Motion to Stay and ordered Plaintiff to serve the remaining, unserved Defendants—then including Paardenkooper and Saheb, among others—within the next four months.  ECF No. 72 at 5.

- Plaintiff quickly contacted BRG, which is a global consulting firm, to locate the foreign individuals.  *See* ECF No. 129-1 at ¶3.

- Having incurred thousands of dollars in expenses to obtain addresses for Paardenkooper and Saheb, Plaintiff turned to completing service within the Court's specified timeframe.  ECF No. 137-1 at ¶3.  Plaintiff retained PSN, the same service group that successfully served Defendant PricewaterhouseCoopers Limited Partnership, Dubai Branch, to serve these Defendants.  *Id.*, ¶4.

- On July 12 and 14, 2025, respectively, PSN served copies of the summons and the First Amended Complaint ("FAC") at Paardenkooper's and Saheb's "usual place[s] of abode" at addresses in the U.A.E. by leaving the documents with their respective co-tenants.  ECF No. 107 at 4; ECF No.

112 at 4.  PSN then also mailed copies of the same service documents to each Defendant "as required by U.A.E. law." *Id.*

- On October 17, 2025, the Court instructed Plaintiff to either request entries of default for Paardenkooper and Saheb or dismiss them from the case.  ECF No. 124 at 1.

- In compliance with the Court's order, Plaintiff applied for entries of default with respect to both Paardenkooper and Saheb on October 31, 2025.  ECF 129.  The Brooge Defendants filed their opposition on November 4, 2025 (ECF No. 131) and Plaintiff filed its reply on November 20, 2025 (ECF No. 137).

- On December 29, 2025, this Court denied Plaintiff's application for entry of default and ordered Plaintiff "to show cause in writing, within fourteen (14) days of the date of this Order, why this action should not be dismissed as to Paardenkooper and Saheb for lack of prosecution."  ECF No. 146 at 5.

This timeline shows both Plaintiff's diligence in attempting to serve Defendants Paardenkooper and Saheb in the U.A.E. and the difficulties and roadblocks it has encountered, making this motion necessary.

## III.    LEGAL STANDARD

Service of process on a foreign individual is governed by Rule 4(f) of the Federal Rules of Civil Procedure.  Rule 4(f)(3) authorizes courts to direct service on foreign individuals by "means not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3).  The Ninth Circuit has held that Rule 4(f)(3) provides districts courts broad discretion to authorize service by alternative means and that the grant of a request for service of process under this provision is an ordinary and normal remedy for serving foreign defendants:

> As is obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement.  No other limitations are evident from the text.  In fact, as long as court-directed and not prohibited by an international agreement,

service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.

*See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (authorizing service by email on foreign corporation). As concluded by the Ninth Circuit, after "examining the language and structure of Rule 4(f) and the accompanying advisory committee notes . . . the inevitable conclusion [is] that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Id.* at 1015. A party seeking authorization to serve under Rule 4(f)(3) need not show that all feasible service alternatives (including other provisions of Rule 4(f)) have been exhausted, but instead, it must only "demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention." *Id.* at 1016; *see also, e.g.*, *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (C.D. Cal. 2012) ("A plaintiff need not pursue other methods of service before requesting that the court authorize an alternative method"); *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012) (finding alternative service is "necessitate[d]" where, as here, plaintiff attempted to effectuate service and the "court's intervention is, clearly, necessary . . . [because] Lebanon is not a party to The Hague Convention, and thus alternative methods of service otherwise available under Rule 4(f)(1) are unavailable here").[3]

An order for alternative service must comply with due process requirements, which call for notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Color Switch LLC v. Fortafy*

---

[3]    With respect to Rule 4(f)(1) specifically, because the U.A.E. are not party to any applicable international agreement, it would not apply in the present case regardless. *See Kuhlman v. McDonnell*, 2021 WL 306468, at *2 (S.D. Ohio Jan. 29, 2021) ("[S]erving [Defendant] under Rule 4(f)(3) in the United Arab Emirates would not pose an issue under Federal Rule of Civil Procedure 4(f)(1), as there is no "'internationally agreed method of service.'"). Indeed, since there is no internationally agreed method of service in the UAE, service of process in the U.A.E. can only reasonably be made by private process server, as Plaintiff did.

*Games DMCC,* 2018 WL 2298401, at \*2 (E.D. Cal. May 21, 2018).  Exercising this standard, federal courts have allowed a wide array of methods of service, "'including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email[,]' so long as the method of service is not prohibited by an international agreement." *Am. Work Adventures, Inc. v. Murugian*, 2021 WL 783522, at \*2 (N.D. Cal. Mar. 1, 2021).

## IV.    ARGUMENT

Plaintiff asks that the Court permit it to attempt service on the Defendants in the U.A.E. by any one (or all) of three means: certified mail, U.S. counsel, and publication.  As discussed herein, each of these are frequently permitted under Rule 4 and will fairly apprise Defendants of this action.  Furthermore, allowing alternative service will put an end to the gamesmanship being employed here by Defendants.

### A.    Service Via Certified Mail Is Reasonably Calculated to Apprise Defendants of This Action

Plaintiff first requests, pursuant to Rule 4(f)(3), to be permitted to perfect service on Defendants by mailing via certified mail a copy of the Summons and the operative Complaint to the residential addresses located by BRG for each of Paardenkooper and Saheb.

Plaintiff has undertaken extensive efforts to locate the addresses of Defendants and has made efforts to serve each Defendant personally.  Defendants appear to be purposely evading service and are unlikely to make themselves available to be served personally.  Given that further efforts to serve Defendants personally will likely be unsuccessful, and that additional costs associated with those efforts will be unduly burdensome to Plaintiff,[4] alternative service by certified mail to Defendants' known

---

[4]    In total, Plaintiff has been invoiced more than $22,500 U.S. Dollars for services related to locating and serving the foreign defendants. *See* Gordon Decl. at ¶6.    Attempting the type of service that the Brooge Defendants maintain is

addresses is appropriate. Courts routinely permit service by mail in similar circumstances. *See, e.g.*, *U.S. Liab. Ins. Co. v. Hediz, LLC*, 2025 WL 3215920, at *2 (D. Nev. Nov. 17, 2025) (granting "the request for alternate service and U.S. Liability is ordered to serve [defendant] by posting a copy of the summons and complaint at [defendant's residence], and deliver the same via certified mail to this address and to Diaz's prior known address"); *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 691 (S.D. Fla. 2010) (approving alternative service by sending complaint and summons to Defendant's business location in Honduras via FedEx); *Malone v. Highway Star Logistics, Inc.*, 2009 WL 2139857, at *3 (D. Colo. July 13, 2009) (granting "leave to serve [foreign defendants] by certified mail at their last known addresses, *and* by publication") (emphasis in original).

### B. Service Via Defendants' Counsel Is Reasonably Calculated to Apprise Defendants of This Action

Plaintiff further requests to be permitted to perfect service on Defendants by serving their U.S. counsel in the SEC investigation that led to the December 2023 cease-and-desist order. *See* ECF No. 114 (Second Amended Complaint, or "SAC") ¶132. Plaintiff has asked counsel for the Brooge Defendants to provide the name of this counsel; once the Brooge Defendants have identified their counsel, Plaintiff proposes to serve the same. *See* Gordon Decl. at ¶¶7-8 (describing request to the Brooge Defendants' counsel to identify counsel for Paardenkooper and Saheb in the SEC investigation).[5] Given the 2023 settlement by and between each Defendant and

required—locating and retaining "a UAE legal expert" and effecting service as advised by that expert, *see* ECF No. 131 at 6—would likely cost tens if not hundreds of thousands of dollars more.

[5] The Brooge Defendants undoubtedly have this information. They were party to the SEC investigation, which was ongoing for at least a year (Brooge disclosed the non-public examination in May 2022, and the Cease & Desist Order was entered

the SEC, and the ongoing Fair Fund distribution process in connection with that settlement,[6] it is highly likely that Defendants' counsel for the SEC investigation continues to have means of communicating with Defendants. As such, said counsel would be a proper party to receive service on behalf of Defendants. *See BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 265 (E.D. Va. 2005) ("To date, defendant's whereabouts continue to be a mystery. However, [local counsel] has continued to vigorously pursue the other matter pending before this Court on behalf of defendant. The Court concludes that [local counsel] must have some means of communicating with defendant, and he is therefore a proper party to receive service of process on his behalf."). Indeed, Courts have repeatedly found it reasonable to permit plaintiffs to serve a foreign defendant through its U.S. counsel. *See, e.g.*, *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771, at *1 (S.D. Fla. May 31, 2007) (permitting service upon the foreign defendants through their local counsel in South Florida who had been representing defendants in a different matter); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531 (E.D. Va. 2005) (permitting service on defendant's local counsel under Rule 4(f)(3)); *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769 (S.D.N.Y. 2005) (permitting service on resident of Saudi Arabia defendant by serving his U.S. attorneys by certified mail); *Forum Fin. Grp., LLC v. President and Fellows of Harvard College*, 199 F.R.D. 22

___

in December 2023). The idea that the Company would not have such basic information (assuming they were not themselves representing their former employees, which would require access to their personal contact information) defies logic. This is especially true since there was continuity in officers and directors during this period: Defendants Ditchburn (CFO) and Yammout (a director) were with the Company throughout the period when the SEC investigation was ongoing. SAC ¶¶20, 22.

[6]    *In the matter of Brooge Energy Limited, Nicolaas Lammert Paardenkooper, and Lina Saheb*, U.S. SECURITIES AND EXCHANGE COMMISSION (2024), https://perma.cc/YT8Z-ETDJ (Mar. 4, 2024).

___

(D. Me. 2001) (permitting service on Russian defendant's local attorney who was representing him in another matter).

### C. Service by Publication Will Also Apprise Defendants of This Action

Finally, Plaintiff requests the Court allow it to serve process by publication. Based on Plaintiff's investigations, including the investigations conducted by BRG, both Defendants reside in Dubai, and therefore publication notice in a newspaper widely circulated in the Dubai area is likely to come to the attention of the Defendants.  Plaintiff proposes to take out an ad in the Gulf News (in the classified section), a widely circulated English-language newspaper in Dubai.  The notice for publication would include the name of this Court and the civil action number, the names of the parties, the time within which Defendants are required to answer the Complaint, and notice that failure to do so may result in the entry of judgment by default against Defendants.  Federal courts routinely authorize such service by publication under Rule 4(f)(3) in foreign countries where other means have failed. *See, e.g.*, *Aifang v. Velocity VIII Ltd. P'ship*, 2015 WL 12747827, at *3 (C.D. Cal. Aug. 7, 2015). ("As an alternative means of service under Rule 4(f)(3), publication in a newspaper of general circulation satisfies the requirement of due process."); *U.S. Commodity Futures Trading Comm'n. v. Lake Shore Asset Mgmt., Ltd.*, 2008 WL 4299771, at *4 (N.D. Ill. Sept. 17, 2008) (court approves service of foreign defendant by publication); *B.P. Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) ("service by publication to a defendant in a foreign country is an acceptable alternative means under 4(f)(3) . . ."); *Malone*, 2009 WL 2139857, at *3 (granting "leave to serve [foreign defendants] by certified mail at their last known addresses, and by publication").

## D.    Alternative Service Is in the Public Interest

Finally, public policy favors alternative service where defendants deliberately evade traditional methods, so as to prevent undue delay and allow litigation to proceed on its merits.  As demonstrated *supra*, Plaintiff has made diligent efforts to effect service, but these efforts have been frustrated by Defendants' purposeful evasion.  Service rules are designed to ensure notice, not to create a loophole for defendants to avoid accountability by gamesmanship with process servers.  Here, insisting on strict compliance with traditional service methods would create delay, undermine fairness, waste judicial resources, and incentivize future defendants to engage in the same evasive tactics.  On the other hand, permitting alternative service would ensure Defendants get timely notice of the lawsuit while preventing Defendants from exploiting service requirements as a shield against accountability.  Courts confronting similar facts have relied on these public-interest considerations in permitting alternative service.  *See, e.g.*, *Rio Props*., 284 F.3d at 1016 (concluding that service under Rule 4(f)(3) was appropriate when plaintiff had proven its "inability to serve an elusive international defendant [who was] striving to evade service of process"); *Lebanese Canadian Bank*, 285 F.R.D. at 267 (allowing alternative service where "expedition of this consequential litigation, is clearly in the public interest"  and "there is no assurance that [traditional service] will happen soon" despite plaintiff's diligent efforts).

## E.    Plaintiff Has Been, and Intends to Continue, Prosecuting This Action Against Paardenkooper and Saheb

As described in greater detail above, Plaintiff has diligently pursued service on Defendants and requests to continue its prosecution of the matter via the instant

motion, which requests leave to serve them by alternative means.[7]  Plaintiff believes the situation merits a grant of alternative service, but if the Court disagrees, Plaintiff respectfully requests that the Court refrain from dismissing Paardenkooper and Saheb pending resolution of the various motions to dismiss, which will become ripe within days.  *See* ECF No. 116 (replies due January 14, 2026).  If the motions to dismiss are denied in whole or in part, and the discovery stay is lifted, Plaintiff intends to seek discovery of Paardenkooper's and Saheb's locations and continue its efforts to serve both individuals.[8]

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant it leave to serve Defendants Paardenkooper and Saheb by one or more of the alternative means described above.

DATED:  January 12, 2026

Respectfully submitted,
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
*s*/ Amanda F. Lawrence
Amanda F. Lawrence (*pro hac vice*)
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 404-7770
Facsimile:  (860) 537-4432
alawrence@scott-scott.com

Anna Hunanyan (CA 330609)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

---

[7]    As noted above, the Court ordered Plaintiff to "show cause in writing, within fourteen (14) days of the date of this Order, why this action should not be dismissed as to Paardenkooper and Saheb for lack of prosecution."  ECF No. 146 at 5.  In this court, "[o]nly 'unreasonable' delay will support a dismissal for lack of prosecution." *Tr. of Carlos C. Reis Living Tr. v. Ruin My Life, Inc.*, 2024 WL 5317810, at *1 (C.D. Cal. Aug. 13, 2024).  Here, Plaintiff has been working diligently and without unreasonable delay to effect service as described above.  Further, with the present motion, Plaintiff has timely responded to the Court's order and continues to prosecute the case by seeking leave to effect alternative service on Defendants.  For these reasons, Plaintiff respectfully submits that the Court should not dismiss the Defendants for lack of prosecution.

[8]    Furthermore, dismissal of the Defendants at this stage could implicate statute of repose issues were Plaintiff to replead claims against them.

The Helmsley Building
230 Park Ave., 24th Fl.
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
ahunanyan@scott-scott.com

John T. Jasnoch (CA 281605)
Cornelia J. B. Gordon (CA 320207)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
jjasnoch@scott-scott.com
cgordon@scott-scott.com

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Attorneys for Lead Plaintiff Bluefin Capital Management, LLC, and Co-Lead Counsel*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Lead Plaintiff Bluefin Capital Management, LLC certifies that this Motion for Service of Process Via Alternative Means is 11 pages in length and complies with the 25-page limit of this Court's Standing Order, ¶ F(3), Dated December 17, 2024, docketed in this action as ECF No. 48.

DATED: January 12, 2026

                                 *s*/ Amanda F. Lawrence

                                Amanda F. Lawrence (*pro hac vice*)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of this filing via electronic means to all counsel of record.

DATED: January 12, 2026

*s*/ Amanda F. Lawrence

Amanda F. Lawrence (*pro hac vice*)