Colin V. Quinlan (SBN 332225)
Email: colin.quinlan@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:    (213) 443-5100
Facsimile:    (213) 443-5101

Attorneys for Defendant Dimitri Elkin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric WHITE,<br><br>                              Plaintiff,<br><br>     vs.<br><br>BROOGE ENERGY LIMITED, et al.,<br><br>                              Defendants. | Case No. 2:24-cv-00959-AH-DFM<br><br>**REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:        February 4, 2026<br>Time:        1:30 p.m.<br>Location:    350 W. 1st Street,<br>                  Courtroom 7D<br><br>Hon. Anne Hwang |

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC

327899603v.4

# Table of Contents

I.      Introduction ...................................................................................5

II.     Argument .......................................................................................5

        A.    Bluefin Has Not Rebutted Mr. Elkin's Argument that the SAC
              Does Not Properly Plead Scienter Against Twelve Seas.................8

              1.    Bluefin's Opposition fails to point to facts alleged
                    with particularity that would support a strong inference
                    of scienter.................................................................9

              2.    Bluefin's attempt to plead scienter is defeated by
                    consideration of countervailing facts and a more
                    compelling opposing inference..........................................12

        B.    Bluefin Fails to Justify Maintaining this Action Against
              Mr. Elkin in the Absence of Any Director or Other Officer
              of Twelve Seas ...............................................................13

        C.    Bluefin Should Not Be Granted Further Leave to Amend ............15

III.    Conclusion ...................................................................................16

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC

327899603v.4

## Table of Authorities

**Cases**

*Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982 (9th Cir. 2008)......................... 10

*CP National Corp. v. Bonneville Power Admin.*, 928 F.2d 905 (9th Cir. 1991) ...... 14

*E. Ohman J v. NVIDIA Corp.*, 81 F.4th 918 (9th Cir. 2024) .............................. 10, 12

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).................. 15

*Espy v. J2 Global, Inc.*, 99 F.4th 527 (9th Cir. 2024)........................................ 13, 15

*Falkowski v. Imation Corp.*, 309 F.3d 1123 (9th Cir. 2002)....................................... 9

*Glazer Capital Mgmt., LP v. Magistri*, 549 F.3d 736 (9th Cir. 2008)................. 10, 11

*In re Alphabet Securities Litigation*, 1 F.4th 687 (9th Cir. 2021)................ 7, 9, 10, 12

*In re ChinaCast Educ. Corp. Securities Litigation*,
    809 F.3d 471 (9th Cir. 2015) ............................................................................ 7, 9

*In re Facebook, Inc. Securities Litigation*, 84 F.4th 844 (9th Cir. 2023) ........... 11, 12

*In re NVIDIA Corp. Securities Litigation*, 768 F.3d 1046 (9th Cir. 2014)............... 13

*In re VeriFone Holdings, Inc. Securities Litigation*,
    704 F.3d 694 (9th Cir. 2012) ................................................................................ 8

*Nguyen v. Endologix, Inc.*, 962 F.3d 405 (9th Cir. 2020).................................. 12, 15

*Pampena v. Musk*, 705 F. Supp. 3d 1018 (N.D. Cal. 2023)..................................... 10

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968).......... 14

*Sequeira v. United States Dep't of Homeland Security*,
    347 F.R.D. 510 (N.D. Cal. 2024)........................................................................ 14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)............ 6, 8, 12, 13

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ........................................................ 6, 8, 9, 10, 12, 15

**Statutes**

15 U.S.C. § 78j(b) ...................................................................................................... 6

15 U.S.C. § 78t(a)........................................................................................................ 5

15 U.S.C. § 78u-4(b)(2) .............................................................................................. 6

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC

327899603v.4

**Rules**

Federal Rule of Civil Procedure 19(a) ........................................................................ 5

Federal Rule of Civil Procedure 19(b) ........................................................................ 5

Federal Rule of Civil Procedure 45(b)(2) .................................................................. 13

Federal Rule of Civil Procedure 45(b)(3) .................................................................. 13

**Regulations**

17 C.F.R. § 240.10b-5 .................................................................................................. 6

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC

327899603v.4

Defendant Dimitri Elkin respectfully submits this reply brief in support of his motion to dismiss the Second Amended Complaint, Dkt. No. 136; *see also* Memorandum in Support of Motion, Dkt. No. 136-1 ("Motion").

## I.    INTRODUCTION

As detailed in the Motion, the second Amended Class Action Complaint, Dkt. No. 114 ("SAC"), filed by Lead Plaintiff Bluefin Capital Management, LLC ("Bluefin"), fails to adequately plead its sole claim against Mr. Elkin, for alleged violation of Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78t(a). The SAC also fails to join persons required to be joined if feasible under Federal Rule of Civil Procedure 19(a), and under Federal Rule of Civil Procedure 19(b), this action should not, in equity and good conscience, proceed against Mr. Elkin in the absence of such persons. Bluefin's Opposition to Mr. Elkin's motion to dismiss the Second Amended Complaint, Dkt. No. 145 ("Opposition"),[1] fails to rebut either argument, and either argument is sufficient to show that this action should proceed no further against Mr. Elkin.

## II.    ARGUMENT

Mr. Elkin's Motion targets the most glaring defects in the SAC: one, Bluefin's failure to allege in the SAC any facts with particularity that would support a strong inference of scienter that may be imputed to Twelve Seas Investment Co. ("Twelve Seas"),[2] Mot. at 12-19; and two, the failure to join any of the individuals

---

[1] For the sake of clarity, this reply will cite both the Opposition's internal pagination and ECF page numbers (the latter in parentheses). *Cf.* L.R. 11-3.3. All other documents are cited using their ECF page numbers.

[2] The Opposition concedes, or at least does not dispute, that a primary violation must be established as to Twelve Seas prior to the Business Combination. *Cf.* Opp. at 1 (Dkt. No. 145 at 6) ("[T]he only issue here is whether *Twelve Seas* acted with scienter in releasing the Proxy." (emphasis in Opposition)). Upon consummation of the Business Combination, Mr. Elkin ceased to have any role in Twelve Seas. Mot. at 7; *cf.* SAC ¶ 26. The Opposition makes only a passing reference to Mr. Elkin's relationship with Twelve Seas Sponsor I LLC, Opp. at 4 (Dkt. No. 145 at 9); *but cf.* Mot. at 7-8, 21-22 (discussing Mr. Elkin's role in Twelve Seas Sponsor I LLC).

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC

327899603v.4

who had a significant role in Twelve Seas's due diligence into BPGIC[3] and the negotiation of the Business Combination Agreement,[4] Mot. at 19-24—the very individuals whose state of mind is necessary to establish Twelve Seas's alleged culpability as a primary violator of the securities laws.[5]

To plead a Section 20(a) claim against Mr. Elkin, the SAC must adequately allege a primary securities law violation by pre-Business Combination Twelve Seas. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (discussing elements of Section 20(a) claim). In the SAC, Bluefin attempts to allege a violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. SAC ¶ 291. However, the SAC's attempt to allege a primary violation fails to meet the requirements of the PSLRA, which demands that Bluefin "state with particularity facts giving rise to a strong inference that [Twelve Seas] acted with the requisite state of mind." 15 U.S.C. § 78u-4(b)(2). Here, that requisite state of mind is scienter. *Cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (stating that "[t]he 'strong inference' standard 'unequivocally raise[d] the bar for pleading scienter'" (second alteration in *Tellabs*)). Bluefin cannot point to any facts pleaded with particularity that support the necessary strong inference regarding Twelve Seas's state of mind—which,

---

[3] "BPGIC" is short for Brooge Petroleum and Gas Investment Company. From February 2013 to February 2019, this operating company was known as BPGIC FZC; in February 2019, the company changed its name to BPGIC FZE. Proxy at 267; *cf.* SAC ¶ 15 & n.4.

[4] The terms "Business Combination" and "Business Combination Agreement" have the same meaning assigned in the Motion and SAC. Mot. at 5, 9-10; SAC ¶ 4 & n.3.

[5] The Opposition overstates the import of Mr. Elkin's failure to contest other elements of Bluefin's claim against Mr. Elkin. *Cf., e.g.*, Opp. at 8-9 n.8 (Dkt. No. 145 at 8-9 n.8) (asserting that Mr. Elkin "conceded control" over Twelve Seas). For example, far from conceding that Mr. Elkin was a controlling person of Twelve Seas, the Motion expressly reserves the defense that he is not. Mot. at 22 (noting that "such a showing is a necessary element of Bluefin's Section 20(a) claim, yet is ill-suited to resolution on a motion to dismiss").

6

because Twelve Seas is a corporation, requires pleading scienter on the part of an individual whose state of mind can be imputed to Twelve Seas. *In re Alphabet Sec. Litig.*, 1 F.4th 687, 705 (9th Cir. 2021) (stating that because a corporation "can only act through its employees and agents," it likewise can "only have scienter through them" (quoting *In re ChinaCast Educ. Corp. Sec. Litig.*, 809 F.3d 471, 475 (9th Cir. 2015)) (internal quotation marks omitted)). The SAC does not adequately plead scienter as to any individual whose intent is attributable to Twelve Seas, and the Opposition does not argue that it has, mistakenly, and emphatically, framing the issue as "whether *Twelve Seas* acted with scienter in releasing the Proxy." Opp. at 1 (Dkt. No. 145 at 6) (emphasis in original).

Facts alleged in the SAC and incorporated by reference from Twelve Seas's November 2019 424B3 Proxy Statement/Prospectus, *see* Declaration of Colin V. Quinlan in Support of Motion Ex. 1, Dkt. No. 136-3 ("Proxy"),[6] give rise to a more compelling opposing inference that no person whose intent can be imputed to Twelve Seas knew of the deliberate fraud being perpetrated by BPGIC senior management prior to the Proxy being issued. *See* Mot. at 16, 18-19; SAC ¶¶ 73-76, 80-82, 84-88, 147, 152-155; Proxy at 90-94. Nor can any individual whose scienter could be imputed to Twelve Seas be found to have been deliberately or consciously reckless in failing to uncover BPGIC senior management's fraudulent scheme given the extensive due diligence that Bluefin now acknowledges was conducted by Twelve Seas's directors and officers. *See* Opp. at 2 (Dkt. No. 145 at 7) ("Twelve Seas obtained extensive due diligence rights and did in fact perform such due diligence prior to the merger."); *see also* Mot. at 8-9 (describing due diligence conducted by certain directors and officers of Twelve Seas); Proxy at 90-94.

Further, the Opposition does not address Bluefin's failure to join any individual who participated in Twelve Seas's due diligence, and therefore whose

---

[6] Bluefin's Opposition does not dispute that this document is incorporated by reference into the SAC. *See* Mot. at 7 n.2.

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC
327899603v.4

intent could be imputed to Twelve Seas—including two individuals Bluefin voluntarily dismissed from this action, Dkt. No. 74. These absent persons are required to be joined if feasible, and the prejudice to Mr. Elkin from their absence supports his dismissal from this action under Rule 12(b)(7). Mot. at 19-24.

### A. Bluefin Has Not Rebutted Mr. Elkin's Argument that the SAC Does Not Properly Plead Scienter Against Twelve Seas

Under the PSLRA, "[t]o adequately plead scienter, the complaint must . . . 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Zucco Partners*, 552 F.3d at 991.

In "determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." Thus, "[t]he strength of an inference cannot be decided in a vacuum" and "a court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." Under the proper analysis, "[a] complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and *at least as compelling* as any opposing inference one could draw from the facts alleged."

*In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701-02 (9th Cir. 2012) (alterations and emphasis in *VeriFone*) (quoting *Tellabs*, 551 U.S. at 323-24).

The facts alleged in the SAC and incorporated by reference from the Proxy detail a deliberate, conscious fraudulent scheme perpetrated by BPGIC senior management that pre-dated Twelve Seas's interest in acquiring the company, and continued after the Business Combination. Mot. at 16 (discussing SAC ¶¶ 73-76, 80-82, 84-88, 147, 152-155). These facts provide a plausible, nonculpable explanation for the conduct of Twelve Seas's directors and officers that must be weighed in evaluating whether the SAC adequately pleads scienter. *Tellabs*, 551 U.S. at 324-25. A holistic view of the facts supports the conclusion that the

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC

327899603v.4

countervailing facts give rise to a plausible opposing inference—namely, that Twelve Seas's directors and officers did not have scienter, but were lied to and misled by BPGIC senior management—that is more cogent and compelling than any inference urged by Bluefin.

### 1.    Bluefin's Opposition fails to point to facts alleged with particularity that would support a strong inference of scienter

The SAC alleges little regarding Twelve Seas with particularity, and nothing of significance. The SAC makes vague claims and conclusory statements, but these are insufficient to support a strong inference of scienter, no matter the volume of such allegations. *See Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir. 2002) (holding that "vague claims," though "voluminous," did "not rise to the level of specificity required under the PSLRA").

In order to plead scienter against Twelve Seas, the Opposition must show that a person whose intent is attributable to Twelve Seas had the requisite intent. *See Alphabet*, 1 F.4th at 705 ("Because Alphabet is a corporation, it 'can only act through its employees and agents and can likewise only have scienter through them.'" (some internal quotation marks omitted) (quoting *ChinaCast*, 809 F.3d at 475)). No such allegations are pled in the SAC with particularity.

Bluefin repeatedly urges an inference of scienter as to Twelve Seas based on the importance of certain information to *BPGIC's* operations. Opp. at 2, 12, 13, 16 (Dkt. No. 145 at 7, 17, 18, 21). Decisions like *Zucco Partners* and *Alphabet* analyzed whether the facts alleged in those cases supported an inference that individual executives had actual knowledge of their *own company's* core operations, *Zucco Partners*, 552 F.3d at 1000[7]—or, in the case of Alphabet, the operations of its

---

[7] *Zucco Partners* itself is hardly a helpful example for Bluefin. *See Zucco Partners*, 552 F.3d at 1000-01 ("Allegations that Digimarc's management had access to the purportedly manipulated quarterly accounting numbers, or that the management analyzed the inventory numbers closely, do not support the inference that management was in a position to know that such data was being manipulated.")

9

327899603v.4

main operating subsidiary, Google, *Alphabet*, 1 F.4th at 706. When such an inference is permissible, it is only where plaintiffs have pled particularized allegations of facts regarding individual executives' or directors' roles within their companies, as well as facts supporting their actual awareness of the information relating to their own companies; otherwise, the requested inference of actual knowledge is rejected. *Compare Zucco Partners*, 552 F.3d 981, 1000-01 (rejecting inference); *Glazer Capital Mgmt., LP v. Magistri*, 549 F.3d 736, 746-47 (9th Cir. 2008) (rejecting inference), *with E. Ohman J v. NVIDIA Corp.*, 81 F.4th 918, 940-41 (9th Cir. 2024) (allegations sufficient as to one executive but not another); *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987-88 (9th Cir. 2008) (finding inference supported by allegations that top management was aware of falsity of statements relating to their own company's core operations).

Bluefin has identified no case where this rationale has justified charging one company's executive with actual knowledge of another company's information. Even the sole acquisition case discussed at any length in the Opposition did not rely on such an inference. *See* Opp. at 10-11 (Dkt. No. 145 at 15-16) (discussing *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1048-49 (N.D. Cal. 2023)). Rather, the *Pampena* court found that Elon Musk could be charged with actual knowledge of a provision of his merger agreement with Twitter, in part because he acquired Twitter personally, but also based on specific and detailed allegations in the complaint regarding contemporaneous public statements where Musk touted his intimate knowledge of the merger agreement. *Pampena*, 705 F. Supp. 3d at 1048-49. The court therefore found it appropriate to charge Musk with actual knowledge of a due diligence wavier in the merger agreement with Twitter—not information regarding Twitter's operations—and that the existence of that provision was material information rendering other public statements by Musk false or misleading. *Id.* at 1049-51.

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC
327899603v.4

Bluefin's Opposition thus takes *Pampena*'s discussion of due diligence grossly out of context. *See* Opp. at 10-11 (Dkt. No. 145 at 15-16). Indeed, the "matter at issue" in *Pampena v. Musk* to which Bluefin alludes, Opp. at 11 (Dkt. No. 145 at 16), was the very waiver of due diligence that rendered Musk's other statements misleading. In this case, by marked contrast, Bluefin's Opposition concedes that Twelve Seas did in fact perform extensive due diligence. Opp. at 2, 15 (Dkt. No. 145 at 7, 20).

Put simply, Twelve Seas's directors and officers were not BPGIC insiders, yet the false statements in the Proxy concerned the operations of BPGIC, not Twelve Seas, *Cf.* Opp. at 2, 12, 13, 16 (Dkt. No. 145 at 7, 17, 18, 21) (discussing how fraud went to the core of *Brooge's* operations). The false statements in the Proxy were provided by BPGIC senior management, who had been perpetrating a fraud prior to the Business Combination and continued to do so afterwards. *See* Mot. at 16 (citing and discussing SAC ¶¶ 73-76, 80-82, 84-88, 147, 152-155). Therefore, no case analyzing whether to infer actual knowledge based on a "core operations" theory supports an inference that any Twelve Seas's director or officer had actual knowledge of *BPGIC's* core operations; to the contrary, the Ninth Circuit has rejected finding support for scienter where the falsity of statements at issue arose from others' misconduct. *See Glazer Capital*, 549 F.3d at 746-47 (observing that "the surreptitious nature of the transactions creates an equally strong inference that the payments would have deliberately been kept secret" from defendants); *see also In re Facebook, Inc. Sec. Litig.*, 84 F.4th 844, 862 (9th Cir. 2023) ("Simply raising an inference that a company's executive '*should* have' discovered misconduct, not that the executive actually knew of misconduct, is insufficient 'to meet the stringent scienter pleading requirements of the PSLRA.'" (quoting *Glazer*, 549 F.3d at 748-49)).

Bluefin cannot save its claim by making generalized "motive and opportunity" allegations; unlike the other motive cases, the SAC does not allege that

11

327899603v.4

any officer or director of Twelve Seas profited from the alleged fraudulent statements. Bluefin's "motive and opportunity" allegations are thus exactly the sort that the Ninth Circuit has repeatedly rejected even when stated with greater particularity. *See Zucco Partners*, 552 F.3d at 998; *E. Ohman J*, 81 F.4th at 960; *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415 (9th Cir. 2020).

**2.     Bluefin's attempt to plead scienter is defeated by consideration of countervailing facts and a more compelling opposing inference**

Courts are obliged to consider countervailing facts and plausible opposing inferences in determining whether a complaint has alleged scienter. *Tellabs*, 551 U.S. at 323. Here, the facts alleged in the SAC and incorporated from the Proxy support a plausible opposing inference that Twelve Seas's directors and officers were themselves duped by BPGIC senior management, and therefore unaware of the fraud. Mot. at 18-19. Twelve Seas's directors and officers engaged in sufficient due diligence, including by retaining professional firms to assist in doing so, such that their failure to detect BPGIC senior management's fraud was not deliberately reckless. Mot. at 16-18 (discussing due diligence by Twelve Seas absent officers and directors); Proxy at 91-93; *cf.* Opp. at 2, 15 (Dkt. No. 145 at 7, 20) (acknowledging extensive due diligence). Mere failure to uncover a fraud, with no particularized factual allegations adequate to show that the failure to do so was deliberate, cannot not support an inference of recklessness rising to the level of scienter. *See Facebook*, 84 F.4th at 862 ("Simply raising an inference that a company's executive '*should* have' discovered misconduct, not that the executive actually knew of misconduct, is insufficient 'to meet the stringent scienter pleading requirements of the PSLRA.'" (quoting *Glazer*, 549 F.3d at 748-49)).

In sum, the SAC fails at every turn. First, the SAC does not plead facts with particularity that can support a strong inference of scienter against any individual whose scienter can be imputed to Twelve Seas. *Alphabet*, 1 F.4th at 705. Second, the SAC does not plead facts with particularity that give rise to an inference of

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC
327899603v.4

scienter that is "'strong in light of other [countervailing] explanations,' not merely 'reasonable' or 'permissible,' *Espy v. J2 Global, Inc.*, 99 F.4th 527, 535 (9th Cir. 2024) (alteration in *In re NVIDIA Corp.*) (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014)). Finally, the SAC and Opposition fail to support an inference of scienter that "a reasonable person would deem" both "cogent and at least as compelling as any opposing inference one could draw from the facts alleged," *Tellabs*, 551 U.S. at 323-24, which include those facts incorporated by reference, *id.* at 321.

Because the allegations in the SAC fail to satisfy the PSLRA's stringent scienter pleading requirements, Bluefin has not plausibly alleged a primary violation against Twelve Seas, and thus has not pled the first element of its sole claim against Mr. Elkin.

**B.      Bluefin Fails to Justify Maintaining This Action Against Mr. Elkin in the Absence of Any Director or Other Officer of Twelve Seas**

Bluefin has not even attempted to justify its failure to serve even the Twelve Seas's director and officer named in prior complaints, let alone join any other director or officer who participated in Twelve Seas's due diligence of the Business Combination. That failure severely prejudices Mr. Elkin's ability to defend against Bluefin's Section 20(a) claim. While Bluefin intimates that Mr. Elkin would have access to any evidence he needs through third-party discovery, Opp. at 21 (Dkt. No. 145 at 26), this argument ignores that third-party discovery is only available through the service of a subpoena in the United States, Fed. R. Civ. P. 45(b)(2), or on a United States national or resident who is in a foreign country, Fed. R. Civ. P. 45(b)(3). Thus, by failing to name and serve Twelve Seas's directors and other officers, Bluefin has put out of reach evidence from any such person who is outside the United States and who is not a United States national or resident.

A motion under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19 "is designed 'to protect the interests of absent parties, *as well as*

*those ordered before the court*, from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights.'" *Sequeira v. United States Dep't of Homeland Security*, 347 F.R.D. 510, 514 (N.D. Cal. 2024) (emphasis added) (quoting *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991)).

The Motion explains why Twelve Seas's directors and other officers are persons required to be joined if feasible due to their interests in the subject matter of this action. Mot. at 21-22. Rule 19(a) requires courts to "consider the extent to which the judgment may 'as a practical matter impair or impede'" nonparties' ability to protect their interests in the subject matter of the action. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968). The Opposition's contrary argument that these absent persons are not required to be joined because a judgment in this action could not bind them, Opp. at 18-21 (Dkt. No. 145 at 23-26), is precisely the argument rejected by the Supreme Court in *Provident Tradesmens*, 390 U.S. at 110 (noting that even though "a judgment is not *res judicata* as to, or legally enforceable against, a nonparty," it can as a practical matter impair or impede nonparties' ability to protect their interest in the subject matter of an action).

The Motion also explains how Mr. Elkin will be prejudiced if this action proceeds against him in the absence of Twelve Seas's directors and other officers, Mot. at 22-23, and Bluefin has no response to these concerns. Put simply, Mr. Elkin, who is not mentioned once in the Proxy's summary of the Business Combination proposal, Mot. at 21; Proxy at 90-94, should not be forced to defend pre-Business Combination Twelve Seas alone due to Bluefin's unjustified failure to join any director or other officer of Twelve Seas, and their absence will prejudice Mr. Elkin's ability to support his defenses to Bluefin's claim.

With regard to the Rule 19(b) factors, the Opposition attempts to argue that the putative class would be prejudiced because the statute of repose has run as to the

14

absent directors and officers of Twelve Seas. Opp. at 22 (Dkt. No. 145 at 27) (asserting that while "Plaintiff's claims were timely when the lawsuit was filed, the statute of repose has now expired with respect to the Proxy"). That premise is not clearly established with regard to former Defendants whom Bluefin voluntarily dismissed without explanation, Dkt. No. 74 (dismissing claims against Messrs. Richardson and Cannon). Suffice it to say that any such prejudice would be the result of Plaintiffs' own litigation conduct, and therefore does not weigh against relief for Mr. Elkin in the decidedly equitable determination called for under Rule 19(b). Further, the unavailability of relief against directors and officers of Twelve Seas would not leave the putative class without adequate relief if Mr. Elkin's Rule 12(b)(7) motion is granted, given the putative class's claims against numerous other Defendants who are far differently situated from Mr. Elkin.

### C. Bluefin Should Not Be Granted Further Leave to Amend

As argued in the Motion, Bluefin's prior opportunities to investigate the underlying facts and to amend its complaint are reasons to believe that this is the best case Bluefin has to offer. Mot. at 24-25. Bluefin has identified no additional facts that could be alleged to address the defects identified in the SAC. Indeed, Bluefin's request for leave to file a further amended complaint is relegated to a footnote. *See* Opp. at 22 n.17 (Dkt. No. 145 at 27 n.17). The Ninth Circuit has repeatedly affirmed dismissal with prejudice of complaints for failure to satisfy the PSLRA where prior leave to amend has been granted and plaintiffs have failed to show how further facts could be pled to remedy defects in their complaints. *Espy*, 99 F.4th at 542; *Nguyen*, 962 F.3d at 420; *Zucco Partners*, 552 F.3d at 1007. Mr. Elkin respectfully requests that this Court likewise find that the relevant factors justify dismissal with prejudice of the sole claim pled against him in the SAC. *Cf. Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing analysis required for dismissal with prejudice of complaint under PSLRA).

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC
327899603v.4

## III.   CONCLUSION

For the foregoing reasons, and those argued in support of the Motion, Dkt. No. 136-1, Mr. Elkin respectfully requests that the Court dismiss with prejudice the sole claim pleaded against him in the Second Amended Complaint, Dkt. No. 114.

Dated: January 14, 2026

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Colin V. Quinlan
Attorneys for Defendant Dimitri Elkin

16

327899603v.4

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Dimitri Elkin, certifies that this brief contains 3,879 words, and complies with the page limit set by court order dated December 17, 2024, Dkt. No. 48 ¶ F(3).

Dated: January 14, 2026              By:  */s/ Colin V. Quinlan*
                                              Colin V. Quinlan

REPLY IN SUPPORT OF DEFENDANT DIMITRI ELKIN'S MOTION TO DISMISS SAC

327899603v.4