Perrie M. Weiner, State Bar No. 134146
perrie.weiner@bakermckenzie.com
Benjamin W. Turner, State Bar No. 256092
ben.turner@bakermckenzie.com
Cole A. Gray, State Bar No. 358883
cole.gray@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, California  90067
Telephone:  310.201.4728
Facsimile:   310.201.4721

Attorneys for Defendants
BROOGE ENERGY LIMITED, SALEH
YAMMOUT, MASOOD ALI SYED, AND
PAUL DITCHBURN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BROOGE ENERGY LIMITED F/K/A BROOGE HOLDINGS LIMITED F/K/A TWELVE SEAS INVESTMENT COMPANY, NICOLAAS L. PAARDENKOOPER, SALEH YAMMOUT, SYED MASOOD ALI, LINA SAHEB, DIMITRI ELKIN, NEIL RICHARDSON, STEPHEN N. CANNON, PAUL DITCHBURN, ERNST & YOUNG, and PRICEWATERHOUSECOOPERS LIMITED PARTNERSHIP, DUBAI BRANCH,<br><br>Defendants. | **Case No. 2:24-cv-00959-AH-DFM**<br><br>**BROOGE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SERVICE OF PROCESS VIA ALTERNATIVE MEANS**<br><br>Ctrm.:   9C, 9th Floor<br>Judge:    Hon. Anne Hwang<br><br>First Street Courthouse<br>350 W. 1st Street<br>Los Angeles, California 90012 |

Defendants Brooge Energy Limited ("Brooge"), Saleh Yammout, Masood Ali Syed, and Paul Ditchburn (with Brooge, the "Brooge Defendants") respectfully submit this limited response in opposition to Plaintiff Bluefin Capital Management, LLC's ("Plaintiff" or "Bluefin") Motion for Service of Process Via Alternative Means (the "Motion"), which Bluefin made in its Response to the Court's Order Denying Application for Clerk's Entry of Default and Order to Show Cause Re: Dismissal for Lack of Prosecution. ECF 147. As the Court will recall, the Brooge Defendants do not appear for or on behalf of Defendants Nicolaas Paardenkooper and Lina Saheb (the "Non-Appearing Defendants"), who are the subjects of the Motion.

## I.   INTRODUCTION

As discussed in the Brooge Defendants' Response to Plaintiff Bluefin Capital Management, LLC's Application for Entry of Default Against Defendants Nicolaas L. Paardenkooper and Lina Saheb, the Brooge Defendants are separate parties from the Non-Appearing Defendants, are not represented by the same counsel in this matter as the Non-Appearing Defendants (who may be unrepresented), and recognize they may lack standing to formally oppose the Motion. ECF 131. Regardless, the Brooge Defendants respectfully submit this limited opposition setting forth why there remains no jurisdiction over the Non-Appearing Defendants. A threshold determination with respect to jurisdiction and service of process is appropriate because, "[t]o avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4.").

## II.   BACKGROUND

Initiated nearly two years on February 5, 2024, this is a putative securities class action bringing claims under Sections 10(b) and 20(a) of the Securities Exchange Act

of 1934.[1] Bluefin purports to represent a class of persons and entities who acquired or purchased publicly traded securities in Brooge. *See* ECF 114 at ¶ 1. The claims are asserted against both the Brooge Defendants and the Non-Appearing Defendants, who are alleged to be former officers of Brooge. *See* ECF 114 at ¶¶ 7-8.

In the 81 weeks since becoming the lead plaintiff (ECF 32), Bluefin has not yet served the Non-Appearing Defendants and they have not appeared in this action. Because of that, the Court issued its first order to show cause as to why the Non-Appearing Defendants should not be dismissed for non-prosecution on October 17, 2025. ECF 124. In response, on October 31, 2025, Bluefin filed an application for entry of default against the Non-Appearing Defendants, which detailed its efforts at service. ECF 129. In turn, the Brooge Defendants responded to Bluefin's application on November 4, 2024, pointing out various technical and factual issues with Bluefin's attempted service. ECF 131. On December 29, 2025, the Court denied Bluefin's application for entry of default but did not reach or discuss all the factual issues at play. ECF 146. Along with its denial of Bluefin's application, the Court issued a second order to show cause as to why the Non-Appearing Defendants should not be dismissed for lack of prosecution. ECF 146. In response, Bluefin filed the present motion on January 12, 2026, this time seeking an order from the Court for alternative service under Rule 4(f)(3) of the Federal Rules of Civil Procedure. ECF 147. As explained below, Bluefin still has not established an adequate basis for alternative service and therefore has not established that the Court has jurisdiction over the Non-Appearing Defendants.

## III.    DISCUSSION

Bluefin requests authorization for alternative service of process under Rule 4(f)(3) of the Federal Rules of Civil Procedure, which states that "an individual … may be served at a place not within any judicial district of the United States … by … means not prohibited by international agreement, as the court orders." ECF 147 at 4; Fed. R. Civ. Proc. Rule 4(f)(3). Any method of alternative service "must also comport with

---

[1] The First Amended Complaint was filed December 6, 2024. ECF 46. The Second Amended Complaint was filed September 24, 2025. ECF 114.

constitutional notions of due process," a requirement which is met if the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Moreover, courts in the Ninth Circuit have required plaintiffs to "show *some* attempt and difficulty in effectuating service prior to seeking court intervention under Rule 4(f)(3)." *Diagnostic Automation, Inc. v. New Life Diagnostics, LLC et al.*, 2024 WL 6978803, at *3 (C.D. Cal. Oct. 16, 2024) (emphasis in original).

Here, Bluefin proposes three methods of alternative service: through certified mail, through publication, and on supposed prior counsel. ECF 147 at 6. As discussed below, each method is unlikely to afford due process to the Non-Appearing Defendants. Further, Bluefin's efforts to effect service to date have been less than diligent. Because Bluefin has failed to make the requisite showing for alternative service, the Court lacks jurisdiction over the Non-Appearing Defendants.

### A. BLUEFIN HAS NOT MADE DILIGENT EFFORTS TO SERVE PAARDENKOOPER AND SAHEB

"Courts in this district have required plaintiffs to show *some* attempt and difficulty in effectuating service prior to seeking court intervention under Rule 4(f)(3)." *Diagnostic Automation, Inc. v. New Life Diagnostics, LLC et al.*, 2024 WL 6978803, at *3 (C.D. Cal. Oct. 16, 2024) (collecting cases); *see also Anderson v. Bitmart*, 2022 WL 19076761, at *3 (C.D. Cal. Oct. 5, 2022) (permission for alternative service granted where plaintiff performed "substantial research and investigation" into a viable service address for the defendant, including consultation with a U.S. marshal and an attorney, as well as a personal search of official records in multiple jurisdictions); *S.E.C. v. Pithapurwala*, 2022 WL 2199939, at *1 (C.D. Cal. Mar. 11, 2022) (permission for alternative service granted where plaintiff thrice attempted service at a former address, contacted defendant's former property manager, called and emailed defendant various

times, tracked defendant's travel reservations, and contacted defendant's parents); *Berdeaux v. OneCoin Ltd.,* 2019 WL 8685006, at *1 (S.D.N.Y. Nov. 1, 2019) ("Plaintiffs have not established a factual basis for their assertion that they have taken reasonable steps to find and serve the unserved Defendants.").

Here, Bluefin was named lead plaintiff on July 16, 2024. ECF 32. In the 81 weeks since then, Bluefin hired two consultants, located a single purported UAE address for each Non-Appearing Defendant, attempted substituted service there by purportedly giving the documents to other individuals residing at the same address, and only very recently asked the Brooge Defendants' counsel for the identity of the Non-Appearing Defendants' prior counsel during the 2023 SEC investigation. ECF 147 at 3-4. Given that Bluefin was named lead plaintiff 81 weeks ago, and has twice been ordered to show cause as to why the Non-Appearing Defendants have not yet been served, these efforts do not constitute reasonable diligence.

For instance, Bluefin does not describe any efforts to find the Non-Appearing Defendants anywhere besides the UAE, an obvious step given that they are no longer employed there by Brooge, and Bluefin provides no factual basis to presume the Non-Appearing Defendants even still reside in the UAE.[2] Nor did Bluefin describe any efforts to verify the identities of the purported "co-tenants" on which it attempted substitute service, their relationships (if any) to the Non-Appearing Defendants, or whether the Non-Appearing Defendants had ever resided there. Nor does Bluefin assert that it made any additional attempts at personal service at those addresses – the most basic and obvious next step after an initial failed attempt. Nor does Bluefin describe any effort to identify the Non-Appearing Defendants' prior counsel, besides asking the Brooge Defendants' current counsel to do it for them. Bluefin also has apparently made no effort to contact counsel who represented Brooge during the de-SPAC, the identity of which is a matter of public record. That is not reasonable diligence worthy of

_____

[2] For example, Brooge's publicly accessible website states that each of the Non-Appearing Defendants worked outside of Dubai prior to their tenure at Brooge. *See Management – Old*, BROOGE ENERGY LTD., https://broogeenergy.com/whoweare/management_2/ (last visited Jan. 29, 2026).

allowing alternative service. *See Diagnostic Automation, Inc.* at *3.

Across nearly two years, Bluefin has had the time and resources to file two amended complaints and the SAC quotes extensively from supposed internal emails that it "uncovered" (¶ 88) in an investigation. Yet it still cannot serve two individual defendants. Bluefin has simply not made service a priority – even though it now seeks to default them. Since Bluefin has not made diligent efforts to serve the Non-Appearing Defendants, its request for alternative service fails.

**B.     BLUEFIN'S PROPOSED METHODS OF ALTERNATIVE SERVICE DO NOT COMPORT WITH CONSTITUTIONAL NOTIONS OF DUE PROCESS**

Any method of service of process authorized under Rule 4(f)(3) "must also comport with constitutional notions of due process." *Rio Props.* 284 F.3d at 1014. This means the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* Bluefin's proposed service method does not meet this standard.

*1.     Service by Certified Mail Is Not Likely to Afford Due Process.*

Bluefin proposes service by certified mail to the addresses at which it attempted substituted service. ECF 147 at 6-7. As described above (and as discussed in the Brooge Defendants' previous response), Bluefin provides scant facts on which the Court can make a determination as to due process. For instance, Bluefin does not support its assertion that the individuals purported to be the Non-Appearing Defendants' "co-tenants" were in fact "co-tenants." *See* ECF 147 at 3-4. Even though the Brooge Defendants previously pointed out this factual gap and others, Bluefin's motion fails to add any support. *See* ECF 131 at 2-3. Thus, there is still little to no factual basis for the Court to decide whether due process will be afforded to the Non-Appearing Defendants if service by certified mail is permitted.

Bluefin's cited authorities are inapt. For instance, the defendant in *U.S. Liab. Ins.*

*Co. v. Hediz, LLC* was located in the United States, so Rule 4(e) of the Federal Rules of Civil Procedure applied. 2025 WL 3215920 at *2 (D. Nev. Nov. 17, 2025). Under Rule 4(e), the service must comport with the law of the state where the district court is located; Rule 4(f)(3), at issue here, has no such requirement. *Compare* Fed. R. Civ. Proc. 4(e) (domestic service of process), *with* Fed. R. Civ. Proc. 4(f) (foreign service of process). *Hediz* is thus inapposite, as it is based in Nevada law. Beyond that, *Hediz* is distinguishable because the plaintiff identified multiple addresses for service, supported by evidence of the defendant's contact information, prior addresses, and other identifying information. *See Hediz*, 2025 WL 3215920 at *2. Here, Bluefin has had nearly two years to investigate the Non-Appearing Defendants' potential whereabouts, but only suggests a single address for each defendant, without providing adequate factual support for a finding that due process will be served.

*TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV* is inapposite as well. 268 F.R.D. 687 (S.D. Fla. 2010). There, the plaintiffs proposed service by certified mail to a foreign corporation's headquarters, the location of which was apparently known.[3] *Id.* at 690-91. Though the court did not discuss due process (a requirement in this district under *Rio*), there was no reason to doubt that the foreign corporation would be put on notice, because the headquarters' location was known. Here, it is not clear that the addresses proposed by Bluefin are in fact associated with the Non-Appearing Defendants – or even that they still reside in the UAE – so it is not obvious that service by certified mail will afford due process.

*Malone v. Highway Star Logistics, Inc.* is also distinguishable. 2009 WL 2139857 (D. Colo. Jul. 13, 2009). In *Malone*, the plaintiff proposed service on five separate addresses related to the defendant, while Bluefin only proposes service on one address for each Non-Appearing Defendant. *Id.* at *2-3. Though *Malone* does not discuss due

---

[3] The *Tracfone* plaintiff also proposed service through the defendant's U.S. counsel. *Tracfone*, 268 F.R.D. at 690. But, unlike this case, the *Tracfone* plaintiff knew the identity of the U.S. counsel, and the representation was ongoing. *Id.* Here, Bluefin identifies no current or prior counsel for the Non-Appearing Defendants, and the SEC matter referenced by Bluefin settled years ago. *See infra* for fulsome discussion of service by counsel.

Case No. 2:24-cv-00959-AH-DFM
DEFENDANTS' OPPOSITION TO BLUEFIN'S MOTION FOR ALTERNATIVE SERVICE

process (again, a requirement here), it is common sense that where a defendant's whereabouts are unknown, service on multiple potential addresses is more likely to reach the defendant, and thus afford due process, than service on one supposed but unverified address. In sum, service by certified mail is unlikely to afford due process.

> ### 2. *Service on the Non-Appearing Defendants' Unspecified Prior Counsel Is Not Likely to Afford Due Process.*

Bluefin further proposes alternative service by email on the Non-Appearing Defendants' prior counsel, whom they do not identify, although they make reference to the SEC matter related to the present case that settled in 2023. ECF 147 at 7-8. Bluefin appears to put the onus on the Brooge Defendants to locate the Non-Appearing Defendants' prior counsel for them. ECF 147 at 7-8. That is wrong.

First, Bluefin cites no authority for the proposition that the Brooge Defendants are responsible for identifying the prior counsel of the Non-Appearing Defendants. They are not; that is Bluefin's job. *See Tabi v. McCullough*, 2019 WL 3997062 at *7 (C.D. Cal. Aug. 22, 2019) (it is "[p]laintiff's sole responsibility to take reasonable steps to identify, locate, and serve each of the defendants"). Bluefin has had nearly two years to do so, apparently without success.

Second, Bluefin fails to explain how service on prior counsel would afford due process. Bluefin offers nothing to support the inference that the Non-Appearing Defendants' prior counsel has the ability to contact them, given that the SEC matter ended in 2023. *See In re Brooge Energy Limited,* Exchange Act Release No. 101068, Admin Proc. File No. 3-21816 (Sept. 17, 2024) (final cease-and-desist order was entered in 2023). Further, the Fair Fund is administered by Rust Consulting, Inc., not by any party's counsel. *Id.* (naming Rust Consulting, Inc. as administrator of the Fair Fund). In sum, even if Bluefin successfully locates prior counsel, there is nothing to indicate that due process would be afforded.

Third, Bluefin's cases are inapt. In *BP Prods. N. Am., Inc. v. Dagra*, the defendant's counsel was concurrently representing the defendant in a second matter

before the same court, even while the defendant was avoiding service in the first matter. 232 F.R.D. 263, 265 (E.D. Va. 2005). Here, there is no second matter ongoing, no overlap in counsel, and no reason to infer that the Non-Appearing Defendants' (unidentified) prior counsel continues to represent them post-settlement of the SEC matter or otherwise has any way of presently contacting them. *FMAC Loan Receivables v. Dagra*, *Forum Financial Group, LLC v. President and Fellows of Harvard College*, and *Brookshire Bros., Ltd. v. Chiquita Brands International, Inc.* are inapposite on similar facts. 228 F.R.D. 531 (E.D. Va. 2005); 199 F.R.D. 22 (D. Me. 2001); 2007 WL 1577771 (S.D. Fla. May 31, 2007). So is *Ehrenfeld v. Salim a Bin Mahfouz*, where the court reasoned that service by counsel would afford due process because the attorneys sought to be served "must be in communication with Defendant in relation to the pending legal proceedings in the United States and the United Kingdom and will know how to locate Defendant." 2005 WL 696769 at *3 (S.D.N.Y. 2005).[4] That is not the case here. Service through counsel will not afford due process.

> 3.   *Service by Publication in a Dubai Newspaper Is Not Likely to Afford Due Process.*

Bluefin also proposes service by publication in a Dubai newspaper. ECF 147 at 9. The Supreme Court has long bemoaned the inadequacy of service by publication. *See Boddie v. Connecticut*, 401 U.S. 371, 382 (1971) ("[P]ublication ... is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings."); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950) ("It would be idle to pretend that publication alone ... is a reliable means of acquainting interested parties of the fact that their rights are before the courts."). The Supreme Court's concerns are especially acute here. Though it alleges that "both [Non-Appearing] Defendants reside in Dubai," Bluefin offers nothing new to support that

---

[4] The court in *Ehrenfeld* went on to decline to permit service via email because the plaintiff "provided no information that would lead the Court to conclude that Defendant … monitors the e-mail address, or would be likely to receive information transmitted to the e-mail address." *Ehrenfeld*, 2005 WL 6967569 at *3. That reasoning applies to each of Bluefin's proposed methods of alternative service.

contention, despite its defective attempts to personally serve them there. ECF 147 at 9. To the contrary, the failed service attempts suggest they may not even live in Dubai. In short, there is nothing in the record to suggest that the Non-Appearing Defendants are physically present in the UAE, especially considering that their employment by Brooge in the UAE has long since concluded. And Bluefin does not explain how service by publication in a Dubai newspaper will put the Non-Appearing Defendants on notice of this action. Publication in a jurisdiction where the Non-Appearing Defendants formerly lived but may no longer reside is not due process.[5]

Bluefin's cited authorities are inapplicable. For instance, it cites *Aifang v. Velocity VIII Ltd. Partnership* as an example of federal courts "routinely" authorizing service by publication in foreign countries where other means of service have failed. ECF 147 at 9; 2015 WL 12747827 (C.D. Cal. Aug. 7, 2015). But *Aifang* focuses on email service; the plaintiffs had the defendants' email addresses, as well as facts suggesting that the defendants had actual notice of the case, so the court found that email service was likely to reach them. *Id.* at *3. The court also granted permission for service by publication in the International New York Times, noting that it is a "newspaper of general circulation throughout the world" for due process purposes. *Id.* Here, Bluefin proposes publication in the Gulf News, which it asserts is "widely circulated … in Dubai." ECF 147 at 9. A newspaper that is published only in Dubai is not "widely circulated." Moreover, newspaper readership has declined substantially in

---

[5] Bluefin also fails to explain how publication in the Gulf News "take[s] into account the advisory note to Fed.R.Civ.P. 4(f)(3) directing that alternative service of process should minimize offense to foreign law." *See Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 928 (11th Cir. 2003). While UAE law permits service by publication as a last resort after exhausting other methods, UAE law directs that "the matter shall be referred to the Case Management Office, the competent judge or the chief justice of the court, as the case may be, in order to gather information from at least one relevant entity and then serve the notice upon the intended person either by posting on the court's website or by publication in both a widely-circulated electronic or paper daily newspaper that is published in the State in Arabic, and a foreign newspaper published in a foreign language, if necessary, where the Defendant intended to be served is a foreigner." UAE Federal Decree Law No. 42 of 2022, Art. 9. Bluefin offers no argument as to how its proposed service by publication is consistent with Article 9's procedures, or that such service as method of last resort is even warranted, particularly given its lack of diligence.

Case No. 2:24-cv-00959-AH-DFM
DEFENDANTS' OPPOSITION TO BLUEFIN'S MOTION FOR ALTERNATIVE SERVICE

the last 10 years, so while publication in an international newspaper may have been sufficient to provide notice in 2015, it is less likely to do so today. *See, e.g.*, *Media Use By Platform*, NORTHWESTERN UNIVERSITY IN QATAR, https://www.mideastmedia.org/survey/2019/chapter/media-use-by-platform (last visited Jan. 29, 2026) ("Since 2013, print newspaper readership declined by more than 50 percentage points in … the UAE[.]"). Further, there are no facts in the record to suggest that the Non-Appearing Defendants have actual notice of the action. Thus, given that there are few facts in the record to support an inference that the Non-Appearing Defendants are even in Dubai, it follows that there is little basis to assume they will in fact see the proposed notice and thereby be afforded due process.

Bluefin's other authorities fail as well. *U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt., Ltd.*, is inapplicable because the court's decision to authorize service by publication was primarily based on the defendant's actual notice. 2008 WL 4299771 at *4 (N.D. Ill. Sep. 17, 2008). Here, there is no basis for inferring actual notice. *B.P. Prods. N. Am., Inc. v. Dagra* is also inapposite. 236 F.R.D. 270 (E.D. Va. 2006). There, the court stated that the service by publication is proper "[w]here the plaintiff can show that deliberate avoidance and obstruction by the defendant [has] made the giving of notice impossible." *Id.* at 272 (citing *S.E.C. v. Tome,* 833 F.2d 1086, 1092 (2d Cir.1987)). Bluefin has made no such showing. And in *Malone v. Highway Star Logistics, Inc.*, the plaintiff identified five addresses associated with defendant, so there were sufficient facts by which to infer the defendant's location for purposes of service by publication. 2009 WL 2139857 at *2-3 (D. Colo. Jul. 13, 2009).

Dated: February 2, 2026                    Respectfully submitted,

                                           By: */s/ Benjamin W. Turner*
                                               Perrie M. Weiner
                                               Benjamin W. Turner
                                               **BAKER & MCKENZIE LLP**

                                               Attorneys for Defendants
                                               BROOGE ENERGY LIMITED,
                                               SALEH YAMMOUT, MASOOD ALI
                                               SYED, AND PAUL DITCHBURN