Amanda F. Lawrence (admitted *Pro Hac Vice*)
alawrence@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 404-7770
Facsimile:  (860) 537-4432

*Attorneys for Lead Plaintiff*
*Bluefin Capital Management, LLC*

[Additional Counsel on Signature Page.]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>BROOGE ENERGY LIMITED, *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-00959-AH-DFM<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS RESPONSE TO THE COURT'S ORDER DENYING APPLICATION FOR CLERK'S ENTRY OF DEFAULT AND ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION, AND MOTION FOR SERVICE OF PROCESS VIA ALTERNATIVE MEANS**<br><br>Judge: Hon. Anne Hwang, U.S.D.J.<br>Crtrm: 7D, 7th Floor<br><br>First Street Courthouse<br>350 W. 1st Street<br>Los Angeles, California 90012 |

# TABLE OF CONTENTS

I.      INTRODUCTION ...............................................................................................1

II.     BRIEF RESPONSIVE BACKGROUND .......................................................2

III.    ARGUMENT ....................................................................................................3

     A.     The Brooge Defendants Lack Standing to Oppose the Motion ...........3

     B.     Plaintiff Has Unquestionably Been Diligent .......................................4

     C.     Each of Plaintiff's Proposed Alternative Service Methods Satisfies Due Process ............................................................................7

IV.     CONCLUSION ................................................................................................9

## I.    INTRODUCTION

Lead Plaintiff Bluefin Capital Management, LLC ("Plaintiff"), hereby responds to the Brooge Defendants' Opposition to its Motion for Service of Process Via Alternative Services (ECF No. 153, the "Opposition" or "Opp.").[1]

Once again, the Brooge Defendants—despite "not appear[ing] for or on behalf of Defendants Nicolaas Paardenkooper and Lina Saheb," and despite acknowledging that "they may lack standing to formally oppose the Motion[,]" *see* Opp. at 2—attempt to obstruct Plaintiff's reasonable, good-faith efforts to serve the only two non-served defendants, both of whom appear to be evading service.  This kind of gamesmanship should not be rewarded, especially where Plaintiff has been diligent in attempting to serve Defendants Nicolaas Paardenkooper ("Paardenkooper") and Lina Saheb ("Saheb").

Contrary to what the Brooge Defendants suggest, a plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief.  Instead, [the plaintiff] needed only to demonstrate that the facts and circumstances of the present case necessitated the [] court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  Here, Plaintiff has more than met that standard.  As discussed below, Plaintiff's efforts have been substantial, including extensive research on Paardenkooper and Saheb; the hiring of a respected, global consulting firm to *successfully* identify their addresses; and the retention of a process service firm to effect service on those addresses.

The only remaining question is whether the methods of service that Plaintiff has proposed in the alternative are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citation modified).  Plaintiff

---

[1]    The "Brooge Defendants" consist of Brooge Energy Limited ("Brooge"), Saleh Yammout, Masood Ali Syed, and Paul Ditchburn.

has provided three options for alternative service (either separately or together) that will do just that—especially since, in all likelihood, Paardenkooper and Saheb are already aware of this litigation. The Motion should thus be granted.[2]

## II.    BRIEF RESPONSIVE BACKGROUND

Plaintiff began service efforts on Paardenkooper and Saheb in July 2024, soon after its appointment as Lead Plaintiff. *See* ECF No. 62 ¶¶2–3.[3] Those service efforts have been extensive and costly and included solicitation of the Civil Action Group ("CAG") and an international law firm, as well as the retention of a global consulting firm (Berkeley Research Group, or "BRG") to assist in locating the individuals. ECF No. 147 ("Mot." or "Motion") at 2–4. But CAG was unable to locate addresses in the United Arab Emirates ("U.A.E."), the retained law firm suddenly stated that it would curiously be unable to assist further in the matter, and while BRG located the addresses for Paardenkooper and Saheb, Plaintiff's process server (Process Service Network, or "PSN") was met at both residences by co-tenants. *See id.* And, during this entire process, Plaintiff repeatedly (beginning over a year ago) has asked counsel for the Brooge Defendants to provide their addresses. They have steadfastly met such requests with silence. Having tried countless ways to serve Paardenkooper and Saheb, and in response to this Court's request, Plaintiff filed its Motion for Alternative Service. Even though they admittedly lack standing to do so, the Brooge Defendants filed their opposition to that Motion on February 2, 2026.

---

[2]    The Brooge Defendants refer multiple times to the danger of "a default judgment that can later be successfully attacked as void." Opp. at 2. The relief requested by the Motion is alternative service, however—not a default judgment.

[3]    The Brooge Defendants repeatedly harp on the "81 weeks" that transpired between Plaintiff's appointment as lead and Plaintiff's request for alternative service. But as the Brooge Defendants' own cases acknowledge, service attempts take time. *See Sec. & Exch. Comm'n v. Pithapurwala*, 2022 WL 2199939, at *3 (C.D. Cal. Mar. 11, 2022) (referencing the U.S. Securities and Exchange Commission's ("SEC") efforts to serve the defendant "over the past two years").

2

## III.    ARGUMENT

The Brooge Defendants make several anemic arguments against the Motion. However, it is worth noting at the outset that the Ninth Circuit has been clear that service of process under Federal Rule of Procedure 4(f)(3) (as sought here) "is neither a last resort nor extraordinary relief." *Rio Props., Inc.*, 284 F.3d at 1015 (citation modified). A court has broad discretion in granting a Rule 4(f) motion and should do so in circumstances like this where gamesmanship is being employed to avoid service and prosecution of an action.

### A.    The Brooge Defendants Lack Standing to Oppose the Motion

The Brooge Defendants have admitted they lack standing to oppose the Motion. Opp. at 2. That conclusion is consistent with the case law. As a general rule, federal courts "allow litigants to assert only their own legal rights and interests, and not the legal rights and interests of third parties." *Farrell v. Burke*, 449 F.3d 470, 494 (2d Cir. 2006). Should the Court authorize alternative service on Paardenkooper and Saheb—in the Brooge Defendants' words, "separate parties" who "are not represented by the same counsel in this matter," Opp. at 2—it will have no effect on the Brooge Defendants' "legal rights and interests," *Farrell*, 449 F.3d at 494. Consequently, the Brooge Defendants lack standing to oppose the Motion. *See, e.g.*, *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sep. 16, 2014) ("Plaintiff is correct that because [co-defendant's] counsel does not represent [unserved defendants], it has no standing to object to the grant of leave to alternative service upon those Defendants[.]"); *S.E.C. v. Lines*, 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009) (dismissing served defendants' "argu[ments] that allowing alternative service would violate the Unserved Defendants' due process rights" because "the [served] Defendants do not explain why they have standing to raise claims on the Unserved Defendants' behalf").

PL.'S REPLY ISO ITS RESP. TO ORDER & MOT. FOR SERV. OF PROCESS VIA ALTERNATIVE MEANS
CASE NO.: 2:24-cv-00959-AH-DFM

Indeed, the Brooge Defendants' adamance in their opposition to the Motion (when they admit they have no standing) is particularly striking given their unwillingness to cooperate. Though Plaintiff has requested the information multiple times, the Brooge Defendants have never provided contact information for Paardenkooper and Saheb, *see* ECF No. 62 ¶¶11–12—even though, as their former employer, Brooge undoubtedly has *some* information on file. Nor are the Brooge Defendants apparently willing to provide the name of the attorney or firm who represented Paardenkooper and Saheb in the SEC investigation into Brooge, despite previously agreeing to "look into this." *See* ECF No. 147-1 ¶¶7–8; ECF No. 147-2 at 1.

While Plaintiff was ultimately able to unearth the identity of at least Paardenkooper's counsel through its own efforts (as discussed below), the Brooge Defendants' lack of cooperation is notable. Their unwillingness to provide Plaintiff with the barest modicum of assistance not only undercuts the force of their Opposition, it suggests that one or more of the Brooge Defendants may actually be coordinating or in communication with Paardenkooper and Saheb.

Regardless, because the Brooge Defendants simply lack standing to oppose Plaintiff's Motion, Plaintiff asks that this Court strike their Opposition from the docket. *Cf. In re Verity Health Sys. of Cal., Inc.*, 2020 WL 7053770, at *3 (Bankr. C.D. Cal. Aug. 7, 2020) (striking third-party opposition to sale where third party lacked standing to oppose sale motion). However, because the Opposition makes numerous untrue and unfair attacks on Plaintiff in that opposition, Plaintiff hereby briefly responds to them.

## B.    Plaintiff Has Unquestionably Been Diligent

The Brooge Defendants' first line of attack is to incredibly claim that Plaintiff has somehow not been diligent in its efforts to locate Paardenkooper and Saheb. Opp. at 4–6. Nothing could be farther from the truth.

4

Plaintiff has not only spent thousands of dollars to locate and attempt service on Paardenkooper and Saheb (including engaging with multiple firms and ultimately retaining a global consulting firm, BRG, and PSN) and repeatedly requested information from Brooge, but it has also:

- Attempted repeatedly to contact the Enforcement Division of the SEC to request the identity of Paardenkooper's and Saheb's counsel (if any) in the SEC investigation and/or Paardenkooper's and Saheb's contact information, without success.  ECF No. 147-1 ¶9; Declaration of Cornelia J. B. Gordon in Support of Plaintiff's Reply in Support of Its Response to the Court's Order Denying Application for Clerk's Entry of Default and Order to Show Cause Re: Dismissal for Lack of Prosecution, and Motion for Service of Process Via Alternative Means ("Gordon Decl.") ¶2, being submitted herewith.

- Continued to work with counsel for the two dismissed defendants, Neil Richardson and Stephen N. Cannon, to attempt to identify Paardenkooper's and Saheb's SEC counsel and/or contact information, ultimately identifying SEC counsel for Paardenkooper through those efforts.  ECF No. 147-1 ¶9; Gordon Decl. ¶3.

- Attempted to reach former counsel for Brooge at multiple firms to identify Paardenkooper's and Saheb's SEC counsel and/or contact information, to no avail.  Gordon Decl. ¶¶4–5.

- Finally reached Brooge's former counsel at one firm, who was able to identify Paardenkooper's counsel during the SEC investigation.  *Id.* ¶6.

- Directed Plaintiff's counsel's in-house investigative group to research addresses for Paardenkooper and Saheb, to no avail.  ECF No. 147-1 ¶9; Gordon Decl. ¶7.

5

- Attempted to contact Paardenkooper and Saheb directly via phone numbers potentially associated with each of them, to no avail.  Gordon Decl. ¶8.

- Had the same in-house investigative group research the co-tenants who accepted the documents at the addresses identified for Paardenkooper and Saheb, with no significant findings.  *Id.* ¶9.

The Brooge Defendants greatly minimize these efforts and make several misleading attacks on the work done by Plaintiff.  First, the Brooge Defendants suggest that Paardenkooper and Saheb may be outside of the U.A.E.  Opp. at 5.  But, as Plaintiff has repeatedly stated, its vendor *was able to locate addresses for both Paardenkooper and Saheb within the U.A.E., which were where service was left*. ECF No. 129-1 ¶¶3–6.  Moreover, Plaintiff has not been able to find any footprint for either Paardenkooper or Saheb outside of the country.  Gordon Decl. ¶7.  Then, the Brooge Defendants suggest that Plaintiff has done nothing to verify the identity of the "co-tenants."  Opp. at 5.  That is both irrelevant and incorrect.  As stated above, Plaintiff has made efforts, but there is no requirement (and the Brooge Defendants cite no case) that says efforts to identify co-tenants are needed.  The Brooge Defendants also claim Plaintiff has made no other attempts to identify Paardenkooper's and Saheb's SEC counsel "besides asking the Brooge Defendants'' current counsel to do it for them," which is false.  ECF No. 147-1 ¶9; Gordon Decl. ¶¶2, 4–6.  Finally, the Brooge Defendants claim that Plaintiff needed to have contacted prior counsel for Brooge, without explaining why past counsel would be any more likely to have the information than Brooge's current counsel.  *Id.* Regardless, Plaintiff did attempt to reach prior counsel for a Brooge entity before filing the Motion—without success.  Gordon Decl. ¶4.  In short, Plaintiff has been

PL.'S REPLY ISO ITS RESP. TO ORDER & MOT. FOR SERV. OF PROCESS VIA ALTERNATIVE MEANS
CASE NO.: 2:24-cv-00959-AH-DFM

diligent, but has been stonewalled by Paardenkooper, Saheb, and the Brooge Defendants.[4]

### C. Each of Plaintiff's Proposed Alternative Service Methods Satisfies Due Process

In the Motion and pursuant to Rule 4(f)(3), Plaintiff requested to be permitted to perfect service on Paardenkooper and Saheb by mailing via certified mail a copy of the Summons and the operative Complaint to the residential addresses located by BRG for each of them; by serving their counsel in the SEC investigation; and/or by publication. While the Brooge Defendants pick at each of these means, Plaintiff is asking to do a combination of them, if not all. Especially when done together, there can be no question that Paardenkooper and Saheb (combined with the previous service) will be on notice of the Action.[5]

First, as to service by certified mail, as stated above, Plaintiff hired BRG, an experienced global consulting firm, to confirm the addresses that will be used by

---

[4] The Brooge Defendants' cases do not dictate otherwise. The "substantial research" performed by the plaintiff in *Anderson v. Bitmart, LLC*, 2022 WL 19076761, at *2 (C.D. Cal. Oct. 5, 2022)—confirmation that two addresses associated with the defendant were non-mailable, and unsuccessful attempts to find an address for a parent company through court and government records—was far less than Plaintiff undertook here. And in *Pithapurwala*, the SEC had more options than Plaintiff has had because, unlike in this case, the SEC had both government resources at its disposal *and* the cooperation of the unserved defendant's co-defendants. *See* 2022 WL 2199939, at *1 (co-defendant provided testimony that unserved defendant was living in India).

[5] In fact, it is more than likely that Paardekooper and Saheb are already on notice of this Action. Their prior employer and co-workers have been served and have appeared in this Action, which is referenced in Brooge's SEC filings. *See, e.g.*, Brooge Energy Limited, Amended Annual Report (Form 20-F), at 16 (May 1, 2025), *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/0001774983/000121390025038264/ea0240456-20fa1_brooge.htm. In addition, the auditors with whom they worked (and which are located nearby), have been served and are litigating this matter. And the case has received media attention. *See, e.g.*, Sydney Price, *Energy Firm Sued By Investors After $5M SEC Fraud Fine*, Law360 (Feb. 6, 2024), https://www.law360.com/articles/1794469/energy-firm-sued-by-investors-after-5m-sec-fraud-fine. The most reasonable inference is that their awareness of the case

---

PL.'S REPLY ISO ITS RESP. TO ORDER & MOT. FOR SERV. OF PROCESS VIA ALTERNATIVE MEANS
CASE NO.: 2:24-cv-00959-AH-DFM

certified mail are the residences of Paardenkooper and Saheb. The fact that co-tenants (about whom Plaintiff was, despite its efforts, unable to learn any further information) accepted the documents does not negate BRG's conclusions. The Brooge Defendants' primary argument seems to be that there is somehow not enough proof that the addresses provided are those of the individuals sought. But a reputable agency has identified them as such and the Brooge Defendants simply ask too much. Similarly, there is no authority (nor does it make any sense) that Plaintiff must provide multiple addresses for an individual when a given address has been verified.[6]

Second, none of the Brooge Defendants' arguments against service on prior counsel hold water, especially since Plaintiff has now identified at least Paardenkooper's counsel. As Plaintiff has learned, during the SEC investigation, Paardenkooper was represented by William Haddad of Venable LLP, whom Plaintiff proposes serving.[7] As for Saheb, Plaintiff has attempted to obtain the identity of her SEC counsel via multiple avenues unsuccessfully, and only then asked counsel for

---

has caused Paardenkooper and Saheb to take steps to avoid being served and to "get out of" being sued here.

[6] The Brooge Defendants' attempts to distinguish Plaintiff's cases (Opp. at 6–8) should not be credited. They argue that *United States Liability Insurance Co. v. Hediz, LLC*, 2025 WL 3215920, at *1 (D. Nev. Nov. 17, 2025), is inapposite because it involved domestic service. But Rule 4(f)(3) gives courts broad discretion to authorize service, *see Rio Props., Inc.*, 284 F.3d at 1014, and there is no reason the Court cannot consider *Hediz* when deciding whether Plaintiff's proposed service methods are appropriate. The Brooge Defendants' only objection to *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687 (S.D. Fla. 2010), is that the address of the corporation in *TracFone* was "apparently known," Opp. at 7—but the addresses here are known, too. While the Brooge Defendants attempt to distinguish *Malone v. Highway Star Logistics, Inc.*, 2009 WL 2139857, at *1 (D. Colo. July 13, 2009), by arguing that the court there approved service by mail where there were multiple addresses at play, the number of addresses was not a factor in the court's decision, and the court simply ordered service "by certified mail at their last known addresses" (and by publication). That is what Plaintiff is suggesting here: service at Paardenkooper's and Saheb's last known addresses, in addition to other methods.

[7] Plaintiff's counsel attempted to reach Mr. Haddad by phone before the filing of this Motion, but was unsuccessful. Gordon Decl. ¶10.

---

8

the Brooge Defendants. That in no way puts the "onus" on them. Opp. at 8. But it does highlight that Brooge is almost certainly in possession of the very information needed to perfect service here and, rather than provide it, is hiding the ball and assisting Paardenkooper and Saheb in evading service.

Third, service via publication in a newspaper widely circulated in Dubai will also afford due process. While the Brooge Defendants complain about "publication alone," that is not what will occur here as, at a minimum, Paardekooper and Saheb have already been served via co-tenants at their residences. And, once again, Plaintiff has identified that both individuals do maintain addresses in Dubai, suggesting that publication via newspaper would come to their attention.[8]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant it leave to serve Defendants Paardenkooper and Saheb by one or more of the alternative means described in the Motion.

DATED:  March 11, 2026

Respectfully submitted,
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

/s/ Amanda F. Lawrence
Amanda F. Lawrence (*Pro Hac Vice*)
156 S. Main St.
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 404-7770
Facsimile:  (860) 537-4432
alawrence@scott-scott.com

---

[8]   The Brooge Defendants' arguments against service by publication are primarily that: (1) publication and the Gulf News is insufficient, citing publication in the International *New York Times* in *Aifang v. Velocity VIII Limited Partnership*, 2015 WL 12747827, at *1 (C.D. Cal. Aug. 7, 2015), and (2) service by publication is a "last resort" in the U.A.E. Opp. at 10–11 & n.5. First, if the Court believes the International *New York Times* would be a better means to publish notice, Plaintiff is more than amenable. Second, Rule 4(f)(3) clearly states that service by any means is allowed as long as it is not "prohibited by international agreement." *Rio Props., Inc.*, 284 F.3d at 1014. The Brooge Defendants do not suggest service by publication—just one of the methods proposed by Plaintiff—is prohibited.

9

Cornelia J. B. Gordon (CA 320207)
John T. Jasnoch (CA 281605)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
cgordon@scott-scott.com
jjasnoch@scott-scott.com

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Attorneys for Lead Plaintiff Bluefin Capital
Management, LLC, and Co-Lead Counsel*

10

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Lead Plaintiff Bluefin Capital Management, LLC, certifies that this Reply in Support of Motion for Service of Process Via Alternative Means is 10 pages in length and complies with the 12-page limit set by the Court. *See* Standing Order for Civil Cases Assigned to Judge Anne Hwang §F(3) (Dec. 17, 2024), ECF No. 48.

DATED: March 11, 2026

/s/ Amanda F. Lawrence
Amanda F. Lawrence (*Pro Hac Vice*)

PL.'S REPLY ISO ITS RESP. TO ORDER & MOT. FOR SERV. OF PROCESS VIA ALTERNATIVE MEANS
CASE NO.: 2:24-cv-00959-AH-DFM

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of this filing via electronic means to all counsel of record.

/s/ Amanda F. Lawrence
Amanda F. Lawrence (*Pro Hac Vice*)

PL.'S REPLY ISO ITS RESP. TO ORDER & MOT. FOR SERV. OF PROCESS VIA ALTERNATIVE MEANS
CASE NO.: 2:24-cv-00959-AH-DFM