**Milbank LLP**
Jed M. Schwartz, *pro hac vice*
JSchwartz@milbank.com
55 Hudson Yards
New York, NY 10001
Telephone: (212)530-5000
Facsimile: (212)530-5219

*Additional counsel listed on signature page

*Attorney for Defendant Ernst & Young*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:24-cv-00959-AH(DFMx) |
| Plaintiff, | Honorable Anne Hwang |
| vs. | PRESIDING JUDGE |
| BROOGE ENERGY LIMITED F/K/A BROOGE HOLDINGS LIMITED F/K/A TWELVE SEAS INVESTMENT COMPANY, NICOLAAS L. PAARDENKOOPER, SALEH YAMMOUT, SYED MASOOD ALI, LINA SAHEB, DIMITRI ELKIN, NEIL RICHARDSON, STEPHEN N. CANNON, PAUL DITCHBURN, ERNST & YOUNG, and PRICEWATERHOUSECOOPERS LIMITED PARTNERSHIP, DUBAI BRANCH, | **DEFENDANTS ERNST & YOUNG AND PRICEWATERHOUSECOOPERS LIMITED PARTNERSHIP, DUBAI BRANCH'S JOINT NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendants. | |

## ERNST & YOUNG AND PRICEWATERHOUSECOOPERS LIMITED PARTNERSHIP, DUBAI BRANCH'S
## JOINT NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Ernst & Young ("EY") and PricewaterhouseCoopers Limited Partnership, Dubai Branch ("PwC," and collectively with EY, "Auditor Defendants") respectfully submit as supplemental authority in support of their motions to dismiss (Dkts. 133, 134) the Opinion and Order entered on March 17, 2026, by the Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, granting EY's motion to dismiss in *Anvil Trust et al. v. Ernst & Young et al.*, No. 1:24-CV-09731(PKC) (Dkt. 44) (S.D.N.Y. Mar. 17, 2026) (the "Opinion") (attached hereto as Exhibit A).[1]

The *Anvil Trust* action was a non-class fraud claim under section 10(b) of the Securities Exchange Act of 1934 arising from similar facts, including EY's audits of Defendant Brooge. In the Opinion, the court dismissed claims against EY on multiple grounds. Among the issues relevant to the Auditor Defendants' motions to dismiss, the court held that "[a]udit reports, labeled 'opinions' and involving considerable subjective judgment, are statements of opinion" subject to *Omnicare*. Opinion 20 (quoting *Querub v. Hong Kong*, 649 Fed. App'x 55, 58 (2d Cir. 2016)). The court then determined that the plaintiffs in that case had failed to plead the falsity of EY's audit opinion, rejecting all three *Omnicare* theories of falsity, which are essentially identical to the theories Plaintiff advances here.

Moreover, the court further held that the plaintiffs in that case failed to plead scienter, holding that "the Complaint does not allege with particularity that [EY] knew

---

[1] The Local Rules and Your Honor's Standing Order for Civil Cases do not specifically address the format for presenting supplemental authority. Accordingly, Auditor Defendants have complied with the approach used by other judges in this District permitting parties to "bring supplemental authority to the Court's attention" and to "briefly explain the significance of the supplemental authority" when doing so. *E.g.*, Judge Birotte's Standing Order for Civil Cases, Ind. R. I.12(f).

or was reckless in not knowing that its statements in the June 2020 audit opinion were false," and that the "scienter allegations are broad and conclusory." Opinion 26. The court expressly rejected the effort to bootstrap scienter from mere allegations that the audit failed to detect fraud—the same allegations Plaintiff offers here. Moreover, applying *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), in assessing whether the plaintiffs had adequately pled scienter, the court determined that the more compelling inference from the facts alleged in the complaint there was that EY was a victim of Brooge's fraud, not a participant in it: "[EY] may have failed to identify fraudulent conduct within the company, but the Complaint does not allege facts consistent with a reckless or knowingly fraudulent 'intent in conducting the audit.'" Opinion 26 (quoting *Zech Capital LLC v. Ernst & Young Hua Ming*, 636 Fed. App'x 582, 585 (2d Cir. 2016)). The *Anvil Trust* court also recognized that:

> Any inference of scienter on the part of [EY] is further weakened by the allegation that its successor as Brooge's independent auditor, PwC, separately 'provided a clean audit opinion' for the company's fiscal year 2020, before eventually resigning in 2023 after it learned of 'illegal acts.' This suggests that Brooge concealed from two separate independent auditors the existence of its round-tripping scheme.

*Id.* This reasoning reinforces the Auditor Defendants' argument here that the more compelling inference is that Brooge deceived its auditors with false invoices, fabricated emails, false confirmation letters, and false ledger entries. (See Dkt. 134-1 at 19-21; Dkt. 149 at 2, 8-10.)

The Auditor Defendants will be prepared to address any questions the Court might have regarding the Opinion at oral argument in this matter.

Dated:  March 19, 2026                    Respectfully Submitted,

                                          By: */s/ Jed M. Schwartz*
                                          Jed M. Schwartz, *pro hac vice*
                                          JSchwartz@milbank.com
                                          George S. Canellos

2
JOINT NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:24-CV-00959-AH(DFMx)

GCanellos@milbank.com
Tawfiq S. Rangwala
TRangwala@milbank.com
John J. Hughes, III
JHughes2@milbank.com
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Samir L. Vora (State Bar #136644)
SVora@milbank.com
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4404
Facsimile: (213) 629-5063

*Attorneys for Defendant Ernst & Young*

By: */s/ Joshua A. Rubin*
Joshua A. Rubin (SBN 308421)
rubinj@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Telephone: (310) 229.1000
Facsimile: (310) 229.1001

M. Scott Barnard (admitted *pro hac vice*)
sbarnard@akingump.com
Jessica J. Mannon (admitted *pro hac vice*)
jmannon@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field St., Suite 1800
Dallas, TX 75201
Telephone: (214) 969.2800
Facsimile: (214) 969.4343

3
JOINT NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:24-CV-00959-AH(DFMx)

Claudius B. Modesti (admitted *pro hac vice*)
cmodesti@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K St NW
Washington, DC 20006
Telephone: (202) 887.4000

Bruce R. Braun (admitted *pro hac vice*)
bbraun@sidley.com
Karim Basaria (admitted *pro hac vice*)
kbasaria@sidley.com
Rebecca B. Shafer (admitted *pro hac vice*)
rshafer@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Defendant*
*PricewaterhouseCoopers Limited Partnership,*
*Dubai Branch*

JOINT NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:24-CV-00959-AH(DFMx)