UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00959-AH-(DFMx) | Date | March 24, 2026 |
| Title | *Eric White v. Brooge Energy Limited et al.* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:   (IN CHAMBERS) ORDER REGARDING ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION AND ORDER DENYING MOTION FOR SERVICE OF PROCESS VIA ALTERNATIVE MEANS [DKT. NO. 147]

Before the Court is Plaintiff Bluefin Capital Management, LLC's ("Plaintiff") Motion for Service of Process Via Alternative Means and Plaintiff's Response to the Court's December 29, 2025, Order to Show Cause Re: Lack of Prosecution. Dkt. No. 147 ("Motion" or "Mot."). The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court has reviewed the briefing and the relevant law, and for the following reasons, the Court DENIES Plaintiff's Motion for Alternative Service and continues the deadline to respond to the Order to Show Cause re dismissal for lack of prosecution to June 22, 2026.

I.   BACKGROUND

On October 17, 2025, the Court issued an Order to Show Cause as to why the case should not be dismissed for lack of prosecution as to Defendants Nicolaas L. Paardenkooper and Lina Saheb (collectively "Defendants"). Dkt. No. 124. Plaintiff filed an Application for Entry of Default as to Paardenkooper and Saheb,

which the Court denied because Plaintiff had not shown that Paardenkooper or Saheb were properly served.  Appl., Dkt. No. 129; Order Re Pl.'s Appl. and OSC, Dkt. No. 146.  On December 29, 2025, the Court once again ordered Plaintiff to show cause why this action should not be dismissed as to Paardenkooper and Saheb for lack of prosecution.  Order Re Pl.'s Appl. and OSC, Dkt. No. 146. Plaintiff responded and moved for service of process via alternative means.  Mot., Dkt. No. 147.  The Brooge Defendants—Brooge Energy Limited, Saleh Yammout, Masood Ali Syed, and Paul Ditchburn—filed an opposition to Plaintiff's Motion.[1] Alt. Service Opp'n, Dkt. No. 153.  Plaintiff filed a reply.  Reply, Dkt. No. 157. Plaintiff requests leave to serve Defendants via (1) certified mail, (2) service to Defendants' counsel in the Securities and Exchange Commission ("SEC") investigation by certified mail; and/or (3) publication.  Mot. at 2.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) authorizes service of process on individuals in foreign countries.  Rule 4(f)(1) provides for "any internationally agreed means of service that is reasonably calculated to give notice," such as those authorized by the Hague Convention.  Rule 4(f)(2) provides for service if there are no internationally agreed means.  Alternatively, Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3) (emphasis added).  "Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  This standard is satisfied if, "under all the circumstances," the service of process is sufficient "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (internal quotation marks omitted).  "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently,

---

[1] The Brooge Defendants "recognize they may lack standing to formally oppose the Motion."  Opp'n at 2.  The Court agrees that the Brooge Defendants lack standing because the Brooge Defendants' counsel does not represent Paardenkooper and Saheb. *See, e.g., UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) ("[B]ecause [co-defendant's] counsel does not represent [unserved defendants], it has no standing to object to the grant of leave to alternative service upon those Defendants[.]").

email." *Rio Props., Inc.*, 284 F.3d at 1016. "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Id.* at 1015. Whether to approve alternative service of foreign defendants under Rule 4(f)(3) is left to the "discretion of the district court to balance the limitations of [alternative] service against its benefits in any particular case." *Id.* at 1018.

## III.    DISCUSSION

According to Plaintiff, Defendants' "usual place[s] of abode" were addresses in the U.A.E. Mot. at 3. While Plaintiff does not clearly allege its factual basis for these addresses, Plaintiff describes incurring thousands of dollars in expenses to obtain addresses for Paardenkooper and Saheb after engaging a global consulting firm to locate the individuals and service group to attempt personal service. *Id.* Plaintiff undertook the following efforts to determine Defendants' addresses and attempt to serve Defendants. First, Plaintiff hired Berkeley Research Group, ("BRG"), to locate residential addresses for each of Paardenkooper and Saheb, followed by the hiring of experienced process servicer, Process Service Network ("PSN"), to deliver the service materials to individuals at those addresses, which were located in the U.A.E. Mot. at 1. Neither Paardenkooper nor Saheb were personally served; instead, PSN left the documents with the Defendants' alleged co-tenants and also mailed a copy of the service documents to those addresses. Mot. at 1 n.1. Plaintiff investigated the identities of the alleged co-tenants on which it attempted substitute service, and was unable to find information on either individual. Decl. of Cornelia B. Gordon ¶ 9, Dkt. No. 157-1.

Although Plaintiff has been sufficiently diligent, Plaintiff has not sufficiently demonstrated that alternative service through a combination of the three proposed methods—certified mail, Defendants' U.S. counsel in the SEC investigation, and publication—will comport with due process.

Plaintiff has not sufficiently shown that service on Defendants via certified mail to the provided addresses is reasonably calculated to apprise Defendants of the litigation. Plaintiff has undertaken efforts through the formation of its own internal investigation team and hiring of costly external consultants to determine the Defendants' last known address, including searches for addresses beyond the U.A.E. Decl. of Cornelia J. B. Gordon ¶ 7, Dkt. No. 157-1. Plaintiff, however, is unable to articulate any information as to the relationship Defendants may have with the "co-tenants" served, or provide facts sufficient to infer that Defendant continue to reside there. Without facts that Defendants actually reside at those

addresses or are sufficiently connected to the people who do, the Court does not find that certified mail is sufficient.

In addition, "[a]s a general rule, service of process on a party's counsel is ineffective unless counsel has received authority to accept service on behalf of the client.  The district court has discretion, however, to permit service on counsel representing a foreign defendant as long as such service is not prohibited by an international agreement."  *Godfrey v. Princess Cruise Lines, Ltd.*, 2016 WL 11756851, at *1 (C.D. Cal. June 17, 2016) (citations omitted).  "But because service on counsel risks adversely affecting the attorney-client relationship, some courts have refused to allow plaintiffs to serve foreign defendants through their attorneys."  *Id.* at *1 (citation omitted).  Service of process on Defendants' counsel for the SEC investigation does not appear likely to apprise Defendants of this action, because the SEC investigation concluded over two years ago and Plaintiff does not assert whether Defendants and their counsel remain in contact.  Plaintiff argues Defendants' counsel may have reason to remain in contact with Defendants given the "ongoing Fair Fund distribution process in connection" with the SEC settlement, but fail to indicate why Defendants would be likely to continue to engage counsel during the distribution process.  Mot. at 8.

Lastly, the Court does not find that service by publication in an international newspaper or in a local Dubai newspaper will adequately inform Defendants of the instant lawsuit.  While "publication in a newspaper of general circulation satisfies the requirement of due process," Plaintiff has not otherwise demonstrated that Defendants are aware of this lawsuit or provided other adequate service methods that, together with publication, would satisfy due process.  *Aifang v. Velocity VIII Ltd. P'ship*, 2015 WL 12747827, at *2-3 (C.D. Cal. Aug. 7, 2015) (ordering service by email and publication where plaintiff alleged defendants "are no doubt aware of the instant lawsuit.").

Plaintiff argues that it is more than likely that Defendants are already on notice of this case given their prior employer and co-workers have been served and have appeared in this case.  Reply at 7 n.5.  Plaintiff does not sufficiently demonstrate why Defendants would remain updated on litigation involving a former employer or co-worker.  Plaintiff alleges this has caused Defendants "to take steps to avoid being served and to 'get out of' being sued here."  *Id.*  Plaintiff has not, however, sufficiently demonstrated that Defendants are "striving to evade service of process," such that alternative service on an unconfirmed address, counsel for a matter concluding in 2023, or publication in a newspaper would

adequately apprise Defendants of this action. *Rio Props., Inc.*, 284 F.3d at 1016 (9th Cir. 2002).

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. The Court continues the deadline to respond to the OSC re dismissal for lack of prosecution to June 22, 2026. Failure to timely or properly respond as to why the action should not be dismissed as to Paardenkooper and Saheb for lack of prosecution will result in dismissal of these defendants from the action without further notice.

**IT IS SO ORDERED.**